# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VIJAY K. TANEJA, *et al.*, | ) | Case No. 08-13293-SSM |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY
OF A CASE MANAGEMENT ORDER ESTABLISHING (I) LIMITED NOTICE
PROCEDURES, (II) OMNIBUS HEARING DATES, AND
(III) PROCEDURES FOR SCHEDULING HEARINGS**

THIS MATTER having come before this Court upon the Chapter 11 Trustee, H. Jason Gold's ("Trustee") Motion for Entry of a Case Management Order Establishing (I) Limited Notice Procedures, (II) Omnibus Hearing Dates, and (III) Procedures for Scheduling Hearings ("Motion"); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. All Documents[1] filed in these cases shall be served via electronic mail on the following parties: (i) the Trustee (jgold@wileyrein.com); (ii) counsel to the Trustee (alaughlin@wileyrein.com and dtrache@wileyrein.com); (iii) Chair of the Committee of Unsecured Creditors and Counsel for Franklin Bank, S.S.B. (cajones@wtplaw.com and druby@bankfranklin.com) (iv) counsel to the Official Committee of Unsecured Creditors

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

H. Jason Gold, Va. Bar No. 19117
Alexander M. Laughlin, Va. Bar No. 25237
Dylan G. Trache, Va. Bar No. 45939
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703.905.2800
*Counsel to the Chapter 11 Trustee*

(lrifken@mcguirewoods.com and jfarnum@mcguirewoods.com); (v) Office of the United States Trustee (frank.j.bove@usdoj.gov); and (vi) any creditor or party in interest who has filed and served a notice of appearance and request for service of papers ("Limited Service List").

3.      Service of all Documents upon the Limited Service List shall be made only via electronic mail except to the extent (i) such Document is an objection to the claim of a particular entity, in which case such objection shall also be served on the party asserting the claim; (ii) such Document is an objection, opposition, response, reply or other Document filed directly in response to a Document filed by a particular entity, in which case the Document shall also be served on the entity filing the original document; or (iii) such Document is filed in an Adversary Proceeding.[2]

4.      Paragraphs 2 and 3 above shall not apply to service of notices required by Bankruptcy Rule 2002(a)(4) (notice of hearing on dismissal or conversion), 2002(b)(1) (notice of objections to and hearing on disclosure statement), and 2002(b)(2) (notice of objections to and hearing on confirmation).

5.      Service to the Limited Service List via electronic mail shall be deemed sufficient service of all notices required to be provided in these cases except as otherwise specifically set forth herein, or by separate Order of the Court.

6.      Omnibus Hearings shall be held on the following dates and times:

October 16, 2008 at 9:30 a.m.

November 21, 2008 at 9:30 a.m.

December 19, 2008 at 9:30 a.m.

---

[2] Documents filed in Adversary Proceedings shall be served in accordance with standard rules and procedures applicable to Adversary Procedings pending in this Court. However, hearings in Adversary Proceedings should be scheduled for Omnibus Hearings unless the Court orders otherwise.

January 16, 2009 at 9:30 a.m.

February 20, 2009 at 9:30 a.m.

March 20, 2009 at 9:30 a.m.

7.      Future Omnibus Hearings may be scheduled by the Court.

8.      All matters requiring a hearing in this case shall be scheduled for an Omnibus Hearing unless the Court, for good cause, orders otherwise.

9.      The following procedures are approved with respect to scheduling matters to be heard at any Omnibus Hearing:

a.      Except for those motions and applications requiring longer notice under Bankruptcy Rule 2002, the Court will require all motions and applications to be filed at least fifteen (15) days in advance of the Omnibus Hearing on which such motion or application is to be heard.  In the event that a party requires consideration of a filing on shorter notice, a motion to shorten the notice period should be filed in accordance with the Local Bankruptcy Rules.

b.      All motions and applications shall be served on the Limited Service List, via electronic mail, and

(1)      in the case of the use, sale, lease or abandonment of property, on each entity known to assert an interest in that property.

(2)      in the case of a motion for relief or modification of the automatic stay, on each entity known to assert a lien or encumbrance on the affected party.

(3)      in the case of a motion relating to the use of cash collateral or obtaining credit, on each party known to assert an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted.

(4)      in the case of a motion under Bankruptcy Rule 9019, on all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement.

(5) in the case of assumption, assignment or rejection of an executory contract or lease, on each party to the executory contract or lease.

(6) any objection, opposition, response, reply or other Document filed directly in response to a Document filed by that particular entity shall be served on that entity.

(7) all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise ordered by the Court.

c. If no timely objection or other response is filed to a motion or application, such motion or application may be granted without a hearing.

d. In accordance with Local Bankruptcy Rule 9014-1, and except as set forth below with respect to motions for relief from the automatic stay, the hearing on any motion or application shall be an evidentiary hearing unless the parties agree or the Court orders otherwise.

e. If the Trustee or the Committee believes that the hearing on a particular matter will exceed one hour, the Trustee or the Committee may request that the matter be separately scheduled.

f. Deadlines for responding to a motion or application shall be governed by the Local Bankruptcy Rules. A reply to any responsive filing may be filed at any time before the hearing.

g. The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Trustee and the Committee. Notwithstanding § 362(e) of the Bankruptcy Code, by setting a hearing on a motion for relief from the automatic stay on an Omnibus Hearing, a party shall be deemed to have consented to the automatic stay remaining in full force and effect until the conclusion of the preliminary hearing. The Court may continue the effectiveness of the automatic stay until a final hearing on the matter. Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

Dated: _____, 2008

_____
Stephen S. Mitchell
United States Bankruptcy Judge

PREPARED BY:

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
(703) 905-2800

By:      /s/ Dylan G. Trache
        H. Jason Gold, Va. Bar No. 19117
        Alexander M. Laughlin, Va. Bar No. 25237
        Dylan G. Trache, Va. Bar No. 45939

Counsel to the Chapter 11 Trustee