# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| VIJAY K. TANEJA, *et al.*, ) | Case No. 08-13293-SSM |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| AS TRUSTEE C/O SPECIALIZED LOAN ) | |
| SERVICING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FINANCIAL MORTGAGE, INC., ) | |
| ) | |
| and ) | |
| ) | |
| H. JASON GOLD, TRUSTEE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## TRUSTEE'S OPPOSITION TO U.S. BANK NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY

H. Jason Gold, the chapter 11 Trustee (the "Trustee") for the above-captioned jointly administered cases, by his undersigned counsel, files this Opposition ("Opposition") in response to the motion for relief from automatic stay ("Motion") filed by U.S. Bank National Association, as Trustee c/o Specialized Loan Servicing, LLC ("U.S. Bank") and in support thereof states as follows:

H. Jason Gold, Va. Bar No. 19117
Valerie P. Morrison, Va. Bar No. 24565
Rebecca L. Saitta, Va. Bar No. 65408
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
(703) 905-2800
*Counsel to the Chapter 11 Trustee*

I.     BACKGROUND

1.     On June 9, 2008 ("Petition Date"), Vijay K. Taneja ("Debtor") filed a voluntary petition for chapter 11 relief in this Court commencing his case ("Case").

2.     On the same date several corporate affiliates of the Debtor ("Corporate Debtors") also filed voluntary chapter 11 petitions in this Court, commencing their cases ("Corporate Cases" and, collectively with the Case, "Cases").[1]

3.     By Order entered on July 19, 2008, the Court directed the Office of the United States Trustee to appoint a chapter 11 trustee for the Debtor's Case.

4.     On July 21, 2008, the United States Trustee appointed H. Jason Gold as Trustee for the Case. By order entered on July 22, 2008, the Court confirmed Mr. Gold's appointment.

5.     On August 13, 2008, the Court entered an Order providing for, *inter alia*, the joint administration of these Cases and the appointment of a common trustee in each of these Cases.

6.     On August 19, 2008, the United States Trustee appointed H. Jason Gold to serve as chapter 11 Trustee for the estates of the Corporate Debtors. By Order entered on August 20, 2008, the Court confirmed Mr. Gold's appointment as Trustee in the Corporate Cases.

7.     On December 16, 2009, U.S. Bank filed its Motion, seeking relief from the automatic stay to permit it to exercise asserted legal rights, including but not limited to foreclosure, with respect to real property located at 5218 Martinique Lane, Alexandria, Virginia 22315 ("Property"). Specifically, U.S. Bank asserts that it has a lien (acquired pursuant to an assignment) against the Property superior to any junior liens in favor of FMI.

---

[1] The Corporate Debtors in these jointly administered Cases are Elite Entertainment, Inc. ("Elite"), Financial Mortgage, Inc. ("FMI"), NRM Investments, Inc. ("NRM"), and Taneja Center, Inc. ("TCI").

2

## II. RESPONSES TO SPECIFIC ALLEGATIONS IN THE MOTION

8. The Trustee admits the allegations contained in paragraph 1 of the Motion.

9. The Trustee admits the allegations contained in paragraph 2 of the Motion.

10. The Trustee admits that a copy of a Note was attached as an exhibit to the Motion. The Trustee is without information sufficient to ascertain the accuracy of the remaining allegations set forth in paragraph 3 of the Motion and therefore denies those allegations.

11. The Trustee admits that a copy of a Deed of Trust was attached as an exhibit to the Motion. The Trustee is without information sufficient to ascertain the accuracy of the remaining allegations set forth in paragraph 4 of the Motion and therefore denies those allegations.

12. The Trustee admits that a copy of an Assignment was attached as an exhibit to the Motion. The Trustee is without information sufficient to ascertain the accuracy of the remaining allegations set forth in paragraph 5 of the Motion and therefore denies those allegations.

13. The Trustee is without information sufficient to ascertain the accuracy of the allegations set forth in paragraph 6 of the Motion and therefore denies those allegations.

14. The Trustee is without information sufficient to ascertain the accuracy of the allegations set forth in paragraph 7 of the Motion and therefore denies those allegations.

15. With respect to the allegations in paragraph 8 of the Motion, these allegations are either legal conclusions or allegations for which the Trustee is without information sufficient to ascertain the accuracy thereof; accordingly, these allegations are denied.

16. The Trustee denies the allegations in paragraph 9 of the Motion.

17. With respect to the allegations in paragraph 10 of the Motion, these allegations are either legal conclusions or allegations for which the Trustee is without information sufficient to ascertain the accuracy thereof; accordingly, these allegations are denied.

18. The Trustee denies the allegations contained in paragraph 11 of the Motion.

19. The Trustee denies the allegations contained in paragraph 12 of the Motion.

20. Paragraph 13 is a legal notice to which no response is required.

### III. ARGUMENT

#### A. THE MOTION SHOULD BE CONTINUED WHILE THE TRUSTEE INVESTIGATES THE ESTATES' INTEREST IN THE PROPERTY.

Upon an initial review of the Motion, the Trustee has determined that further investigation is necessary to determine: (i) FMI's interest in the Property, including but not limited to the status of its alleged second lien position; (ii) whether the alleged assignment from FMI to U.S. Bank with respect to the note and deed of trust is avoidable under chapter 5 of the Bankruptcy Code; and (iii) whether there is equity in the Property. The Trustee is consulting with his financial advisors and has requested additional information from U.S. Bank. However, at the present time, the Trustee lacks sufficient information to determine the extent of FMI's interest in the Property, and whether the alleged transfer from FMI to U.S. Bank is subject to avoidance. Accordingly, the Trustee requests that the Motion be continued for a period of at least 60 days to permit the Trustee to investigate these issues.

### IV. CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) denying the Motion and/or continuing the preliminary hearing in this matter for a period of at least 60 days; and (ii) granting such other and further relief as is just and proper.

Respectfully submitted

H. JASON GOLD, TRUSTEE

By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
(703) 905-2800


By:     /s/ Rebecca L. Saitta
      H. Jason Gold, Va. Bar No. 19117
      Valerie P. Morrison, Va. Bar No. 24565
      Rebecca L. Saitta, Va. Bar No. 65408

*Counsel to Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2009, a copy of the foregoing Opposition was served by email and/or first-class mail, postage prepaid, upon the parties on the attached service list and by first class mail, postage prepaid, to:

>James E. Clarke
>Kristen J. Misleh
>Atlantic Law Group, LLC
>803 Sycolin Road, Suite 301
>Leesburg, Virginia 20175

 /s/ Rebecca L. Saitta
Rebecca L. Saitta

13085603.1