Lawrence E. Rifken, Esq. (VSB No. 29037)
John T. Farnum, Esq. (VSB No. 74075)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1200
McLean, Virginia 22102-4215
(703) 749-1300

*Proposed Counsel to the Official Committee of
Unsecured Creditors of Vijay K. Taneja, et al.*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Vijay K. Taneja, *et al.*,[1] | ) | Case No. 08-13293-SSM |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### MOTION TO CONTINUE HEARING ON WILEY REIN LLP'S FIFTH INTERIM APPLICATION FOR REIMBURSEMENT OF FEES AND COSTS AS COUNSEL FOR THE TRUSTEE AND CHAPTER 11 TRUSTEE H. JASON GOLD'S THIRD INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned jointly administered cases of Vijay K. Taneja, et al. (the "Debtors"), by and through its undersigned counsel, hereby files this motion (the "Motion") requesting the entry of an order continuing the hearing on Wiley Rein LLP's ("Wiley Rein" or "WR") Fifth Interim Application for Reimbursement of Fees and Costs as Counsel for the Trustee ("WR's Fifth Interim Application") and Chapter 11 Trustee H. Jason Gold's Third Interim Application for Allowance of Compensation (the "Trustee's Third Interim Application") currently set for February 2, 2010 until the date or dates to be set for the hearing or hearings on Wiley Rein LLP's Sixth Interim Application for Reimbursement of Fees and Costs as Counsel for the Trustee ("WR's Sixth Interim Application") and Chapter 11 Trustee H. Jason Gold's Fourth Interim Application for Allowance of Compensation (the "Trustee's Fourth Interim Application"), respectively. In

---

[1] The debtors in these jointly administered cases include Elite Entertainment, Inc. (08-13286-SSM), Financial Mortgage, Inc. (08-13287-SSM), NRM Investments, Inc. (08-13290-SSM), Taneja Center, Inc. (08-13292-SSM), and Vijay K. Taneja (08-13293-SSM).

1

TCO 358,267,034v3 2-1-10

support thereof, the Committee respectfully states as follows:

## BACKGROUND

1. On June 9, 2008, Vijay K. Taneja, Elite Entertainment, Inc., Financial Mortgage, Inc., NRM Investments, Inc., and Taneja Center, Inc. (collectively, the "Debtors") filed with the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court") their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On July 18, 2008, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in the case of Vijay K. Taneja, Inc. (the "Committee"). The United States Trustee appointed (i) Franklin Bank, S.S.B., (ii) Virginia Commerce Bank, and (iii) Ali Gharai to the Committee.[2]

3. On July 19, 2008, this Court entered an order directing the United States Trustee to appoint a Chapter 11 Trustee for Vijay K. Taneja.

4. On July 21, 2008, based in part upon the Committee's recommendation, the United States Trustee appointed H. Jason Gold as the Chapter 11 Trustee for Vijay K. Taneja. By order dated July 22, 2008, the Court confirmed the appointment of Mr. Gold as the Chapter 11 Trustee for Vijay K. Taneja.

5. On August 13, 2008, the Court entered an order providing for the joint administration of the above-captioned cases (the "Jointly Administered Cases"), the appointment of a common trustee in each of the Jointly Administered Cases, and the appointment of the Committee in each of the Jointly Administered Cases.

6. On August 19, 2008, based in part upon the Committee's recommendation, the United States Trustee appointed H. Jason Gold to serve as Chapter 11 Trustee in Elite Entertainment, Inc. (08-13286-SSM), Financial Mortgage, Inc. (08-13287-SSM), NRM Investments, Inc. (08-13290-SSM), and Taneja Center, Inc. (08-13292-SSM) (collectively, the "Corporate Cases"). By order dated August 21, 2008, the Court confirmed Mr. Gold's

---

[2] On July 13, 2009, Ali Gharai resigned from the Committee.

2

appointment as the Chapter 11 Trustee in the Corporate Cases. Accordingly, H. Jason Gold (the "Trustee") currently serves as the Chapter 11 Trustee in all of the Jointly Administered Cases.

7. On August 26, 2008, the United States Trustee appointed (i) Ferguson Enterprises, (ii) GMAC, and (iii) SGA Companies, Inc. as additional members of the Committee.[3]

### *Wiley Rein LLP's Applications for Reimbursement of Fees and Costs as Counsel for the Trustee*

8. On September 26, 2008, Wiley Rein filed its First Interim Application for Payment of Fees and Costs as Counsel for the Trustee for the six (6) week period from July 21, 2008 through August 31, 2008 ("WR's First Interim Application") seeking allowance of fees and expenses in the amounts of $173,857.40 and $4,285.03, respectively, for a total award of $178,142.43. By Order entered on October 29, 2008, this Court approved Wiley Rein's First Interim Application, awarding fees and expenses in the amount of $178,142.43. During the period July 21, 2008 through August 31, 2008, WR's First Interim Application indicates that timekeepers at Wiley Rein billed 444.2 hours.[4]

9. On January 30, 2009, Wiley Rein filed its Second Interim Application for Payment of Fees and Costs as Counsel for the Trustee for the four (4) month period from September 1, 2008 through December 31, 2008 ("WR's Second Interim Application") seeking allowance of fees and expenses in the amounts of $574,700.60 and $7,041.15, respectively, for a total award of $581,741.75. By Order entered on March 3, 2009, the Court approved WR's Second Interim Application, awarding fees and expenses in the amount of $574,856.15. During the period September 1, 2008 through December 31, 2008, WR's Second Interim Application indicates that timekeepers at Wiley Rein billed 1,493.6 hours.

10. On May 29, 2009, Wiley Rein filed its Third Interim Application for Payment of

---

[3] On December 30, 2008, the United States Trustee amended the membership of the Committee to remove Franklin Bank, S.S.B. which was taken over by the FDIC.
[4] All dollar figures and hours set forth in this Motion should be considered approximations.

3

Fees and Costs as Counsel for the Trustee for the four (4) month period from January 1, 2009 through April 30, 2009 ("WR's Third Interim Application") seeking allowance of fees and expenses in the amounts of $607,673.20 and $12,480.96, respectively, for a total award of $620,154.16. By Order entered on June 25, 2009, the Court approved WR's Third Interim Application, awarding fees and expenses in the amount of $620,003.02. During the period January 1, 2009 through April 30, 2009, WR's Third Interim Application indicates that timekeepers at Wiley Rein billed 1,565.8 hours.

11. On August 28, 2009, Wiley Rein filed its Fourth Interim Application for Payment of Fees and Costs as Counsel for the Trustee for the three (3) month period from May 1, 2009 through July 31, 2009 ("WR's Fourth Interim Application") seeking allowance of fees and expenses in the amounts of $388,501.07 and $3,837.22, respectively, for a total award of $392,338.29. By Order entered on September 22, 2009, the Court approved Wiley Rein's Fourth Interim Application, awarding fees and expenses in the amount of $392,338.29. During the period May 1, 2009 through July 31, 2009, WR's Fourth Interim Application indicates that timekeepers at Wiley Rein billed 1,053.0 hours.

12. On December 18, 2009, Wiley Rein filed its Fifth Interim Application for Payment of Fees and Costs as Counsel for the Trustee for the three (3) month period from August 1, 2009 through October 31, 2009 ("WR's Fifth Interim Application") seeking allowance of fees and expenses in the amounts of $551,885.78 and $4,791.81, respectively, for a total award of $556,677.59. By Order entered on January 15, 2010, the Court approved, in part, WR's Fifth Interim Application, awarding fees and expenses in the amount of $446,300.43 and scheduling a hearing on a 20% holdback of Wiley Rein's fees until February 2, 2010 at 11:00 a.m. During the period August 1, 2009 through October 31, 2009, WR's Fifth Interim Application indicates that timekeepers at Wiley Rein billed 1,373.6 hours.

13. Wiley Rein has billed $2,329,104.22 and received payments totaling

TCO 358,267,034v3 2-1-10

$2,185,687.50[5] on account of its approved fees and expenses as counsel for the Trustee in these cases.[6] During the period July 21, 2008 through October 31, 2009, WR's Interim Applications indicate that timekeepers at Wiley Rein billed 5,930.2 hours.

### *The Trustee's Applications for Allowance of Compensation*

14. On May 29, 2009, the Trustee filed his First Interim Application for Allowance of Compensation for the ten (10) month period from July 21, 2008 through May 14, 2009 (the "Trustee's First Interim Application") seeking allowance of compensation in the amount of $167,064.94. By Order entered on June 25, 2009, this Court granted the Trustee's First Interim Application awarding interim compensation in the total amount of $167,064.94. During the period July 21, 2008 through May 14, 2009, the Trustee's First Interim Application indicates that the Trustee worked 876.1 hours, not including time billed as an attorney.

15. On August 28, 2009, the Trustee filed his Second Interim Application for Allowance of Compensation for the three (3) month period from May 15, 2009 through August 20, 2009 (the "Trustee's Second Interim Application") seeking allowance of compensation in the amount of $200,631.86. By Order entered on September 22, 2009, this Court granted the Trustee's Second Interim Application awarding interim compensation in the total amount of $200,631.86. During the period May 15, 2009 through August 20, 2009, the Trustee's Second Interim Application indicates that the Trustee worked 124.9 hours, not including time billed as an attorney.

16. On December 18, 2009, the Trustee filed his Third Interim Application for the four (4) month period from August 21, 2009 through December 18, 2009 seeking allowance of compensation in the amount of $174,283.96. The hearing on the Trustee's Third Interim Application was continued from January 11, 2009 until February 2, 2010 at 11:00 a.m. to be heard along with the continued hearing on the 20% holdback related to WR's Fifth Interim

---

[5] This amount includes the $1,739,387.19 stated as paid in WR's Fifth Interim Application plus the $446,300.43 awarded under WR's Fifth Interim Application. The Committee is assuming that Wiley Rein has been paid the $446,300.43 in fees and expenses approved by this Court on January 15, 2010. This amount does not include the 20% holdback under WR's Fifth Interim Application, an additional $25,953.21 in approved fees that remain outstanding, as well as an additional $7,036.35 in unapproved fees and/or expenses.
[6] Only $32,245.03 of the amounts both sought and paid relates to expenses.

5

Application. During the period August 21, 2009 through December 18, 2009, the Trustee's Third Interim Application indicates that the Trustee worked 129.3 hours, not including time billed as an attorney.

17. To date, Wiley Rein has received payments totaling $367,696.80 on account of the allowance of the Trustee's approved compensation and, together with the payments made on account of its approved fees and expenses as counsel for the Trustee in these cases, Wiley Rein has been paid $2,553,384.30. If the amounts sought through the 20% holdback on WR's Fifth Interim Application and the Trustee's Third Interim Application are approved and paid, the total amount paid to Wiley Rein will be $2,838,045.42. Furthermore, during the period July 21, 2008 through December 18, 2009, the Trustee's Interim Applications indicate that the Trustee worked 1,130.3 hours, not including time billed as an attorney. Together with time billed by Wiley Rein as counsel for the Trustee, the hours accounted for by the Trustee and other timekeepers at Wiley Rein total 7,060.5.[7]

### *The Committee's Concerns*

18. Following the filing of WR's Fourth Interim Application and the Trustee's Second Interim Application, the Committee authorized and directed counsel for the Committee to schedule a meeting with the Trustee and his counsel to discuss the Committee's concerns related to the overall level of compensation sought by Wiley Rein and the Trustee as well as several specific concerns, including, but not limited to, the number of timekeepers working on the case, the number of partners working on the case, and the overall number of hours worked by the Trustee and other timekeepers at Wiley Rein. In mid-September 2009, counsel for the Committee met with the Trustee and his counsel to express the Committee's concerns and to attempt to resolve those concerns amicably and in good faith. As a result of that meeting, the Committee felt that its concerns would be satisfactorily addressed by the Trustee and his

---

[7] By way of comparison, the estates' three other primary sets of professionals, Marcher Consultants, McGuireWoods LLP, and Protiviti have billed 2,690.3, 2,694.5, and 5,313.5 hours, respectively, for total awarded compensation, including, for the purposes of this Motion, de minimis expenses, in the amounts of $489,450.71, $1,143,730.58, and $1,299,377.15, respectively.

counsel and would not be a cause for further concern going forward.

19. Notwithstanding the September meeting between the Trustee, counsel for the Trustee and counsel for the Committee, and much to the surprise and disappointment of the Committee, the total amount of compensation sought by Wiley Rein in WR's Fifth Interim Application and the Trustee in the Trustee's Third Interim Application was significantly higher ($137,036.81)[8] than the total amount sought in WR's Fourth Interim Application and the Trustee's Second Interim Application.

20. Upon review of WR's Fifth Interim Application and the Trustee's Third Interim Application, the Committee requested that the Trustee agree that the January 11, 2009 hearings on both applications be continued until the February 12, 2010 omnibus hearing date and also requested Wiley Rein's work-in-progress ("WIP") figures for the months of November and December 2009 so that it could review the compensation sought by WR's Fifth Interim Application and the Trustee's Third Interim Application in light of Wiley Rein's November and December 2009 WIP and so that the Committee could make an informed decision on what compensation the Committee believed was reasonable and appropriate under the circumstances. The Trustee refused the Committee's request.

21. In a continued effort to resolve the Committee's concerns amicably and in good faith, the Committee agreed to allow Wiley Rein to seek 80% of its fees requested in its Fifth Interim Application on an interim basis while continuing the hearing on the additional 20% as well as the Trustee's Third Interim Application until February 2, 2010 so that the Trustee, counsel for the Trustee, counsel for the Committee, and members of the Committee could meet to try and resolve the Committee's concerns. Based upon the conflicting schedules of members of the Committee and Committee counsel, the parties have been unable to meet prior to the February 2, 2010 hearing date. Additionally, Wiley Rein still has yet to provide the Committee with its November and December 2009 WIP, despite repeated requests. Thus, the Committee's

---

[8] The total fees requested in WR's Fifth Interim Application were $163,384.71 higher than the total fees requested in WR's Fourth Interim Application and the total commission requested in the Trustee's Third Interim Application was $26,347.90 less than the commissions requested in the Trustee's Second Interim Application.

7

concerns have not yet been resolved.

## REQUESTED FOR RELIEF

22.  The Committee seeks a continuance of the currently scheduled February 2, 2010 hearing, insofar as it relates to WR's Fifth Interim Application and the Trustee's Third Interim Application until the date or dates to be set for the hearing or hearings on WR's Sixth Interim Application and the Trustee's Fourth Interim Application, which applications have not yet been filed.  The Committee believes that the continuance requested in the Motion is appropriate to give the Committee and its professionals time to address the concerns described above, to be able to review WR's Fifth Interim Application and the Trustee's Third Interim Application in light of WR's Sixth Interim Application and the Trustee's Fourth Interim Application, and to enable to Committee and the Trustee to try and resolve the Committee's concerns related to the overall compensation sought by the Trustee and his counsel.[9]

## NOTICE

23.  Notice of this Motion has been provided to all parties required by the Order Granting Trustee's Motion for Entry of a Case Management Order Establishing (I) Limited Notice Procedures, (II) Omnibus Hearing Dates, and (III) Procedures for Scheduling Hearings. Notice of this Motion has also been provided to the Trustee, counsel for the Trustee and the United States Trustee by e-mail.

## WAIVER OF MEMORANDUM OF LAW

24.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in this Application, the Committee requests that this Court waive the requirement that all motions be accompanied by a written memorandum of law.

## NO PRIOR REQUEST

25.  No prior request for the relief sought herein has been made to this Court in these bankruptcy cases.

---

[9] To the extent the Court does not grant the requested continuance, the Committee requests the Court consider this Motion an objection to WR's Fifth Interim Application and the Trustee's Third Interim Application.

8

**WHEREFORE**, the Committee requests that this Court enter an order (i) continuing the hearing on Wiley Rein LLP's Fifth Interim Application for Reimbursement of Fees and Costs as Counsel for the Trustee and Chapter 11 Trustee H. Jason Gold's Third Interim Application for Allowance of Compensation currently set for February 2, 2010 until the date or dates to be set for the hearing or hearings on Wiley Rein LLP's Sixth Interim Application for Reimbursement of Fees and Costs as Counsel for the Trustee and Chapter 11 Trustee H. Jason Gold's Fourth Interim Application for Allowance of Compensation, respectively, and (ii) granting the Committee such other and further relief as is just and proper.

Dated: February 1, 2010

/s/ Lawrence E. Rifken
Lawrence E. Rifken, Esq. (VSB No. 29037)
John T. Farnum, Esq. (VSB No. 74075)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1200
McLean, Virginia 22102-4215
(703) 749-1300

*Proposed Counsel to the Official Committee of Unsecured Creditors of Vijay K. Taneja, et al.*