# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re | |
| VIJAY K. TANEJA, *et al.*, | Case No. 08-13293-SSM |
| Debtors. | (Jointly Administered) |

## MOTION TO APPROVE SETTLEMENT AND COMPROMISE
## WITH VIRGINIA COMMERCE BANK

COMES NOW Plaintiff, H. Jason Gold, chapter 11 trustee ("Trustee") for the above-captioned jointly administered cases, pursuant to Federal Rule of Bankruptcy Procedure 9019, and moves[1] this Court to approve a settlement and compromise of disputes between the Trustee and Virginia Commerce Bank ("VCB") regarding VCB's Motion for Release of Escrowed Funds and the Trustee's Motion to Surcharge Collateral Pursuant to 11 U.S.C. Section 506(c), pending in this Court, stating as follows:

### RELEVANT BACKGROUND

1. On June 9, 2008 (the "Petition Date"), Vijay K. Taneja ("Debtor") filed a voluntary petition for chapter 11 relief in this Court commencing his case ("Case").

2. On the same date, several corporate affiliates of the Debtor ("Corporate Debtors") also filed voluntary chapter 11 petitions in this Court, commencing their cases ("Corporate Cases" and, collectively with the Case, "Cases").[2]

---

[1] Pursuant to Local Bankruptcy Rule 9013-1(G), the Motion and Memorandum of Points and Authorities have been combined into a single pleading.

[2] The Corporate Debtors in these jointly administered Cases are Elite Entertainment, Inc. ("Elite"), Financial Mortgage, Inc. ("FMI"), NRM Investments, Inc. ("NRM"), and Taneja Center, Inc. ("TCI").

Valerie P. Morrison, Va. Bar No. 24565
Rebecca L. Saitta, Va. Bar No. 65408
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703.905.2800
Counsel to the Chapter 11 Trustee

3. By Order entered on July 19, 2008, the Court directed the Office of the United States Trustee to appoint a chapter 11 trustee for Debtor's Case.

4. On July 21, 2008, the United States Trustee appointed H. Jason Gold as Trustee for the Case. By order entered on July 22, 2008, the Court confirmed Mr. Gold's appointment.

5. On August 13, 2008, the Court entered an Order providing for, *inter alia*, the joint administration of these Cases and the appointment of a common trustee in each of these Cases.

6. On August 19, 2008, the United States Trustee appointed H. Jason Gold to serve as chapter 11 Trustee for the estates of the Corporate Cases. By order entered on August 20, 2008, the Court confirmed Mr. Gold's appointment as Trustee in the Corporate Cases.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

8. On November 18, 2009, VCB filed a Motion to Approve Release of Escrowed Funds ("Motion") seeking to release funds held in escrow following the sales of two parcels of real property for which VCB held recorded deeds of trust. These properties are located at 9034 Bronson Drive, Potomac, MD 20854 ("Bronson Drive Property") and 4633 Holly Avenue, Fairfax, VA 22030 ("Holly Avenue Property" and together with the Bronson Drive Property, the "Properties"). The funds were escrowed as a result of a dispute between VCB and the Trustee concerning VCB's assertion of a claim for default rate interest and late charges against the proceeds of sale of the Bronson Drive Property (the "Bronson Sale Proceeds") and the proceeds of sale of the Holly Avenue Property (the "Holly Sale Proceeds"). In its Motion, VCB sought the release of: (a) Late Charges totaling $146,646.47; and (b) Default Rate Interest totaling $145,912.17 (this, being the difference between interest at the non-default rate, which was paid

to the Bank, and interest at the default rate), with respect to the Bronson Sale Proceeds. It further sought the release of (a) Late Charges totaling $22,814.88; and (b) Default Rate Interest totaling $19,616.24 (this, being the difference between interest at the non-default rate, which was paid to the Bank, and interest at the default rate), with respect to the Holly Sale Proceeds.

9. On December 10, 2009, the Trustee filed an Opposition to Motion of Virginia Commerce Bank for Release of Escrowed Funds and Motion to Surcharge Collateral Pursuant to 11 U.S.C. Section 506(c) ("Opposition"). Pursuant to the Opposition, the Trustee disputed VCB's entitlement to an award of default rate interest and late charges. The Trustee's Opposition also asserted claims to surcharge the collateral pursuant to § 506(c) for the reasonable and necessary expenses incurred as a result of the Trustee's efforts to preserve and dispose of the Properties.

10. On December 23, 2009, VCB filed an Objection ("Objection") to the Trustee's Motion to Surcharge Collateral.

11. Pursuant to the order approving the sale of 9034 Bronson Drive, funds in the amount of $292,802.75 ("9034 Bronson Drive Escrow") were escrowed pending a determination of VCB's claim for default rate interest and late charges.

12. Pursuant to the order approving the sale of 4633 Holly Avenue, funds in the amount of $59,514.88 ("4633 Holly Avenue Escrow") were escrowed pending a determination of the validity of certain mechanic's liens asserted by the construction manager, GHA, Inc. Subject to any valid mechanics' lien of GHA,[3] VCB claimed that it is entitled to receive default rate interest and late charges out of the 4633 Holly Avenue Escrow.

---

[3] In its Motion, VCB states: "The amounts at issue on the 4633 Holly Avenue property are still subject to the escrow in favor of GHA, Inc. for its claimed mechanic's lien. These amounts will have to continue to be held, pending a determination of the validity and priority of the mechanic's lien asserted by GHA, Inc." Motion, n. 2.

13. Subject to Bankruptcy Court approval, VCB and the Trustee have reached a settlement of all disputes concerning VCB's Motion to Release Escrowed Funds and the Trustee's Motion to Surcharge Collateral pursuant to the following terms and conditions ("Settlement"):

    a. The sum of $100,000 shall be paid to VCB out of the 9034 Bronson Drive Escrow in full and final satisfaction of all of VCB's claims against the Bronson Drive Property, the 9034 Bronson Drive Escrow and the Bronson Sale Proceeds, including but not limited to its claim for default rate interest and late charges. The remaining proceeds held in the 9034 Bronson Drive Escrow will be released to the estate of Vijay K. Taneja in full and final satisfaction of the Trustee's claims to surcharge this property under Section 506(c).

    b. The 4633 Holly Avenue Escrow shall remain in place pending a determination of the validity, priority and extent of the GHA Liens. The first $20,000 after the satisfaction or settlement of the GHA Liens shall be paid to VCB out of the 4633 Holly Avenue Escrow in full and final satisfaction of all of VCB's claims against the Holly Avenue Property, the 4633 Holly Avenue Escrow and the Holly Sale Proceeds, including but not limited to its claim for default rate interest and late charges. The remaining proceeds, if any, will be released to the estate of NRM in full and final satisfaction of the Trustee's claims to surcharge this property under Section 506(c).

## ARGUMENT

14. Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

15. As a general rule, settlement agreements between parties are favored by the law. *See In re Frye*, 216 B.R. 166, 172 (Bankr. E.D. Va. 1997) (*citing Richardson v. Richardson*, 10 Va. App. 391, 399, 392 S.E.2d 688, 692 (1990)); *Marandas v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Ore. 1993) (finding that compromises are generally favored in bankruptcy).

16. In order to approve a settlement, the court must look at various factors to determine whether the settlement is in the best interest of the estate and whether it is fair and

equitable. *See In re Frye*, 216 B.R. at 174; *accord In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995); *see also St. Paul Fire & Marine Ins. Co. v. Vaughn (In re Vaughn)*, 779 F.2d 1003, 1010 (4th Cir. 1985) (approving settlement where it was "in the best interests of the estate as a whole").

17. A court should approve a settlement unless the settlement falls "below the lowest point in the range of reasonableness." *Austin*, 186 B.R. at 400 (citations omitted). In fact, the settlement may be approved even if the court finds it likely that the Trustee or debtor would ultimately succeed in the litigation. *Id.*

18. In determining whether a proposed settlement is in the best interest of the estate, the Bankruptcy Court is not to substitute its judgment for that of the movant, nor is it the Court's responsibility to decide the numerous questions of law and fact, but "rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness . . . .'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *see also In re Tennol Energy Co.,* 127 B.R. 820 (Bankr. E.D. Tenn. 1991).

19. Both VCB and the Trustee raised significant substantive arguments concerning the other party's entitlement to the funds sought pursuant to the Motion and Opposition. Further litigation was expected to be costly and the results were uncertain. The proposed Settlement is in the best interests of the estates and their creditors and should be approved pursuant to Bankruptcy Rule 9019. The Settlement eliminates the inherent risks, delays and attorneys' fees and costs associated with litigation and adjudication of the parties' respective rights with respect to the escrowed funds and the Trustee's request for a surcharge of the collateral. With respect to the Bronson Drive Escrow, the Trustee will realize $192,558.64 of the $292,558.64 in proceeds of sale to which VCB was making a claim for default rate interest and late charges. With respect

to the 4633 Holly Avenue Escrow, the Trustee will realize up to $22,431.22 of the $42,431.12 in proceeds to which VCB was making a claim for default rate interest and late charges (depending on the resolution of the GHA mechanic's lien). Accordingly, the Trustee believes, in the exercise of his business judgment, that the proposed Settlement is more advantageous to the estates than litigating these matters.

WHEREFORE, H. Jason Gold, the chapter 11 Trustee, requests that this Court enter an order: (i) approving the Settlement; (ii) authorizing the Trustee to pay the sum of $100,000 to VCB out of the 9034 Bronson Drive Escrow, with the remaining funds to be returned to the estate of Vijay K. Taneja; (iii) authorizing the Trustee, subject to a determination or settlement of the validity and priority of the GHA Liens, to pay the sum of $20,000 to VCB out of the 4633 Holly Avenue Escrow, with the remaining funds, if any, to be returned to the estate of NRM; and (iv) granting such further relief as the Court deems just and proper.

    Respectfully submitted,

    H. JASON GOLD, TRUSTEE

    By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
(703) 905-2800

By:   /s/ Rebecca L. Saitta
     Valerie P. Morrison, Va. Bar No. 24565
     Rebecca L. Saitta, Va. Bar No. 65408

Counsel to the Chapter 11 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2010, a copy of the foregoing Motion was served by electronic mail or first-class mail, postage prepaid, upon the parties on the attached Service List.

        /s/ Rebecca L. Saitta
        Rebecca L. Saitta

13105357.3