**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VIJAY K. TANEJA, *et al.*, | ) | Case No. 08-13293-RGM |
| | ) | |
| Debtors. | ) | Substantively consolidated |

**FINAL REPORT, ACCOUNT AND JOINT MOTION FOR FINAL DECREE**

H. Jason Gold, the Liquidating Trustee ("Liquidating Trustee") and the Monitoring Committee established pursuant to the First Amended Joint Plan of Liquidation of the Estates of Vijay K. Taneja and Affiliated Debtors hereby submit this Final Report, Account and Joint Motion for Final Decree.

**PRELIMINARY STATEMENT**

The above-captioned cases are primarily the result of the extensive fraudulent activities of Vijay Taneja, and others, and the companies controlled by Mr. Taneja. On June 9, 2008 (the "Petition Date"), voluntary chapter 11 petitions were filed by Vijay K. Taneja and four affiliated corporate entities. H. Jason Gold was subsequently appointed as the chapter 11 trustee for all five estates (the "Chapter 11 Trustee"). Following his appointment, the Chapter 11 Trustee undertook the task of liquidating all of the assets of the estates and implementing actions and activities to recover the maximum value for the creditors of the estates.

On August 10, 2011, the Court entered an order confirming the Joint Plan of Liquidation ("Plan") proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors ("Committee"). The effective date of the Plan occurred on August 25, 2011 ("Effective Date"). Pursuant to the Plan, all estate assets vested in a liquidating trust (the "Trust") and Mr. Gold was appointed as Liquidating Trustee. Under the Plan, the Official Committee of Unsecured Creditors

was reconstituted as the Plan Monitoring Committee as set forth in the Confirmation Order.

Subsequent to the occurrence of the Effective Date, the Liquidating Trustee, in accordance with the terms of the Plan, continued to liquidate the remaining assets of the Trust and manage the claims reconciliation process. As described in greater detail below, the Plan has been substantially consummated and entry of a Final Decree is appropriate at this time.

## FINAL REPORT AND JOINT MOTION FOR FINAL DECREE

1. Following the occurrence of the Effective Date, the Liquidating Trustee continued to liquidate the assets of the Trust including two (2) remaining parcels of real property, adversary proceeding settlements, and promissory notes originally held by the Debtor. The Liquidating Trustee is in the process of liquidating the remaining assets held by the Trust (consisting primarily of judgments, settlements, and performing loans) in an effort to maximize value for the claimants and conclude administration of the Trust. Subsequent to the Effective Date, the Liquidating Trustee also filed a total of 12 omnibus objections and 24 individual objections to scheduled and filed claims. In total, the face value of claims subject to objections totaled close to $200 million. All claim objections have been resolved.

2. As shown in the Final Account attached hereto as Exhibit A, the Liquidating Trustee commenced distribution to priority tax claimants and to holders of Class 3 (Unsecured) claims in August of 2012.

3. As of the date of this filing, the Liquidating Trust has approximately $156,889.53 in cash on hand. Following entry of the Final Decree, the remaining funds will be used to make further distributions to beneficiaries and to pay administrative costs in accordance with the Plan.

4. As discussed above, the Liquidating Trustee is in the process of selling the remaining assets held by the Trust. With the exception of the sale of these assets, and the remaining

distributions to beneficiaries and the payment of administrative costs, no other transfers of property are pending or contemplated under the Plan. Because the Plan is a liquidating plan, and the Debtors have ceased operations, the Liquidating Trustee has not assumed management of any property transferred pursuant to the Plan, except to the extent that the Trust continues to collect outstanding loan payments and pursue collection of outstanding amounts owed to the Trust when necessary.

5. All pending motions, contested matters, fee applications and adversary proceedings have been resolved.

6. After entry of a final decree, the Liquidation Trust intends to file final tax returns.

7. Section 1101 of the Bankruptcy Code defines "substantial consummation" as "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2). Based on the efforts of the Liquidating Trustee, in consultation with the Monitoring Committee, the plan has been substantially consummated.

8. As suggested by the Court, the remaining tasks such as the liquidation of the remaining Trust assets and the filing of the final tax returns should not prevent the case from being closed. For all of the reasons, the Liquidating Trustee and the Monitoring Committee submit that entry of a Final Decree is appropriate in this case.

WHEREFORE the Liquidating Trustee and the Monitoring Committee respectfully request that the Court approve the Final Report and Account and grant their Joint Motion for Final Decree by entering a Final Decree in this case.

        Respectfully submitted,

        H. JASON GOLD, LIQUIDATING TRUSTEE

        THE MONITORING COMMITTEE

        By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia  22102
703.905.2800

By:  /s/ Rebecca L. Saitta
    H. Jason Gold, Va. Bar No. 19117
    Rebecca L. Saitta, Va. Bar No. 65408

Counsel to the Liquidating Trustee


GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1200
McLean, Virginia 22102
703.749.1300


By:  /s/ Lawrence E. Rifken (by RLS with authority)
    Lawrence E. Rifken, Esq.

Counsel to the Monitoring Committee

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 10th day of October 2014, a copy of the foregoing Motion was sent by electronic mail to the parties on the Limited Service List and by first class mail, postage prepaid, to the parties in interest on the attached Service List.[1]

      /s/ Rebecca L. Saitta
      Rebecca L. Saitta

---

[1] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not to be served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

13776557.2