## THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VIJAY K. TANEJA, *et al.*, | ) | Case No. 08-13293-RGM |
| | ) | |
| Debtors. | ) | Substantively consolidated |

### SECOND AMENDED FINAL REPORT AND ACCOUNT

H. Jason Gold, the Liquidating Trustee of the Trust established pursuant to the First Amended Joint Plan of Liquidation of the Estates of Vijay K. Taneja and Affiliated Debtors hereby submits this Second Amended Final Report and Account[1] in accordance with the Order entered on December 12, 2014 (Docket No. 2765), and the Court's direction at the January 27, 2015 hearing.

## I.      Introduction and Summary.

### A.      General Background.

These cases are primarily the result of the extensive fraudulent activities of Vijay Taneja[2], and others, including the companies controlled by Mr. Taneja. Voluntary chapter 11 petitions were filed on June 9, 2008 ("Petition Date") for Mr. Taneja, Elite Entertainment, Inc., Financial Mortgage, Inc., NRM Investments, Inc. and Taneja Center, Inc. (collectively the "Debtors"). On July 22, 2008, an Official Committee of Unsecured Creditors ("Committee") was appointed for the Debtors' cases. On July 21, 2008, following Motions for Appointment of

---

[1] Although referred to as a "Final Report and Account," the administration of the Trust is not complete.

[2] On January 30, 2009, Mr. Taneja was sentenced to 84 months in federal prison and ordered to pay restitution in the amount of $33,162,291.

H. Jason Gold, Va. Bar No. 19117
Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 712-2800
Counsel to the Liquidating Trustee

Chapter 11 Trustee filed by the Debtors (Docket No. 21) and Franklin Bank, SSB (Docket No.

23), H. Jason Gold was appointed as chapter 11 trustee ("Trustee") for each of the Debtors'

estates.

      B.     <u>Taneja's Fraudulent Scheme.</u>

The Trustee and the Committee determined to work cooperatively to undertake the

substantial task of investigating the Debtors' businesses and affairs, including the fraudulent

activities of the Debtors.    From the outset, the Trustee and the Committee understood that it

would be necessary to employ substantial resources in order to understand exactly how the

Debtors operated and what led to the enormous fraud as well as to determine the assets that

would be available to return to the creditors of the estates.   To assist in this task, the Trustee and

the Committee jointly engaged Protiviti, Inc. as the estates' accountants and financial advisors to

conduct a comprehensive fraud and forensic investigation.   The team at Protiviti was led by

Charles Goldstein, a certified public accountant who also holds a certification in forensics from

the American Institute of CPAs and is a certified insolvency and restructuring adviser.

The primary business activities of the Debtors were the origination and sale of home

mortgage loans.  However, the Debtors' records were in abysmal condition.  Among other things,

corporate formalities had not been followed, and the Debtors had comingled funds without any

significant record keeping.  Protiviti reconstructed the Debtors' financial records and otherwise

deciphered the fraudulent conduct.   Protiviti was able to establish that at some point after 1999,

the Debtors began to sell the same loans to different secondary market purchasers and conspiring

with one another to conceal the fraud.   Ultimately the scheme unraveled in 2007-2008 as the

secondary market collapsed and resulted in losses of nearly $14 million to warehouse lenders

and approximately $19 million to secondary market purchasers.

> C.    <u>Administration of Estate Assets and Chapter 11 Plan.</u>

While the fraud and forensic investigation was ongoing, the Trustee began the administration of the Debtors' assets.  Most importantly, the Trustee liquidated the Debtors' real estate portfolio, consisting of 27 parcels of real property.  As set forth herein, 23 parcels were sold and 4 parcels were abandoned.  Each property, and the disposition of such property, are set forth in Sections II and III of this Report.  Attached hereto as <u>Exhibit "A"</u> are the Reports of Sale filed in this case with respect to the Court approved sales.  These sales resulted in net proceeds to the estates totaling $6,709,522.57, and reduction in secured claims of $18,677,150.18.

Over a period of almost three years, the Trustee and the Committee met regularly to discuss the direction and administration of the cases.  The Trustee and the Committee considered various means of administering these cases, including without limitation, separately administering each of the Debtors' estates, requesting substantive consolidation of the estates, conversion to chapter 7, remaining in chapter 11 for a protracted period of time, and a liquidating chapter 11 plan.  Ultimately, after receiving input from many parties, including significant creditors of the estate, the Trustee and the Committee proposed a Joint Plan of Liquidation[3] ("Plan") and associated Disclosure Statement[4] which provided for the substantive consolidation of the estates and the establishment of a liquidating trust ("Trust") to conclude the administration of the Debtors' assets.  The Plan relied largely on litigation to fund distributions to unsecured

---

[3] The First Amended Joint Plan of Liquidation of the Estates of Vijay K. Taneja and Affiliated Debtors was filed on June 16, 2011 (Docket No. 2176).
[4] Additional information regarding the Plan and the Debtors is contained in the Third Amended Disclosure Statement Relating to First Amended Joint Plan of  Liquidation of the Estates of Vijay K. Taneja and Affiliated Debtors (Docket No. 2193).

creditors. Given the uncertain nature of these recoveries, the Trustee and the Committee did not provide, in the Disclosure Statement, an estimate of the ultimate payments to unsecured creditors. Nevertheless, the Plan received the overwhelming support of the creditor body. Five objections to confirmation were filed, and with the exception of the objection filed by EMC Mortgage Corporation and Chase Bank USA NA (Docket No. 2255) ("EMC Objection"), the objections were resolved. The EMC Objection argued, among other things, that the Plan proponents could not satisfy 11 U.S.C. § 1129(a)(7).

A contested, evidentiary hearing to consider confirmation of the Plan, and the EMC Objection was held on August 4, 2011. Following this hearing, the Court issued its ruling from the bench, overruling the EMC Objection and determining that the Plan was to be confirmed. On August 10, 2011, the Court entered its Findings of Fact, Conclusions of Law and Order Under 11 U.S.C. § 1129(a) and Fed. R. Bankr. P. 3020 Confirming the First Amended Joint Plan of Liquidation of the Estates of Vijay K. Taneja and Affiliated Debtors ("Confirmation Order") (Docket No. 2291). The effective date of the Plan occurred on August 25, 2011 ("Effective Date"). On the Effective Date, the Debtors' estates were substantively consolidated, and the claims of the Debtors' creditors were exchanged for beneficial interests in the Trust consistent with the terms of the Plan. Also on the Effective Date, the assets of each of the Debtors vested in the Trust consistent with the terms of the Plan, and thus, the Plan was substantially consummated. Pursuant to the terms of the Plan and Confirmation Order, the Trustee became the trustee of the Trust ("Plan Trustee").

D.    Claims.

The Plan vested in the Plan Trustee the task of evaluating and, where appropriate, and

subject to consultation with the Monitoring Committee[5], objecting to claims filed in this case. 158 claims were filed in these cases, totaling $252,949,047.12, including amendments and duplicates.  The Trustee filed a total of 12 omnibus objections and 24 individual objections to allowance of claims.  Each of these objections has been adjudicated by the Court or settled and ultimately resulted in a significant reduction in the amount of allowed claims in this case. Indeed, the Disclosure Statement circulated with the Plan contemplated allowed unsecured claims of between $56 and $75.7 million.  Following the claims analysis and objection process undertaken by the Trustee, allowed general unsecured claims totaled $35.15 million.  This process was complex.  Many creditors filed duplicate claims against multiple estates.  In addition, certain secured claims were cross-collateralized against various parcels of property. The disposition of significant claims against the estates is set forth in detail in Section IV below.

> E. <u>Trust Administration.</u>

Following the Effective Date, the Plan Trustee administered the Trust consistent with the Plan and the terms of the Liquidation Trust Agreement with Respect to the Estates of Vijay K. Taneja and Affiliated Debtors ("LTA").[6]  In accordance with the Plan, the Plan Trustee filed seven status reports on March 8, 2012 (Docket No. 2541), September 28, 2012 (Docket No. 2645), March 27, 2013 (Docket No. 2728), October 3, 2013 (Docket No. 2734), April 2, 2014 (Docket No. 2743), September 30, 2014 (Docket No. 2756), and April 21, 2015 (Docket No. 2778) to provide beneficiaries of the Trust and other parties with information regarding the administration of the Trust.  These reports are collectively attached hereto as <u>Exhibit "B".</u>  In addition, the Plan Trustee filed reports required by the Office of the United States Trustee.

---

[5] The "Monitoring Committee" was established in accordance with Article V.F. of the Plan.
[6] The LTA is an exhibit to the Plan.

These reports are collectively attached hereto as Exhibit "C".

Following confirmation of the Plan, the Plan Trustee and the Monitoring Committee have met regularly to consult regarding the status of the Plan, liquidation of remaining assets, prosecution of litigation claims and related matters.

As set forth in the Second Amended Final Account, as of March 31, 2015, the Trustee and the Plan Trustee received a total of $40,294,827.53.  Of this amount $18,677,150.18[7] was paid to secured creditors, $62,144.45 was paid to priority creditors, $956,786.54 was paid to the beneficiaries of the liquidating trust (general unsecured creditors), and $20,374,837.29 was paid in administrative costs, including professional fees.  Cash on hand as of March 31, 2015 is $231,608.62.[8]

A further description of the administration of the various assets of the Debtors and the Trust is set forth below.  The Plan Trustee continues to administer assets of the Trust as set forth herein and anticipates making significant further distributions to beneficiaries.  A description of these remaining assets is included herein.

## II.     Real Property Sold

Sales of the following parcels of real property were approved by the Court and sold during the administration of the Chapter 11 cases and the Trust:[9]

---

[7] This amount does not include the $2,712,000 credit bid of United Central Bank with respect to the sale of the Goose Creek Parcel.

[8] The administration of the Taneja Liquidating Trust is not complete.  Accordingly, the information contained in this report has not been audited and is based upon the Trustee's records as of March 31, 2015.  All amounts contained herein are subject to change as final wind down occurs.

[9] For additional information regarding the sales of property, see the Reports of Sale, Exhibit A.

| **Real Property** | **Date of Closing** | **Sale Price/ Net Proceeds to Estates** | **Disposition** |
|---|---|---|---|
| 4620 Holly Ave., Fairfax, VA | 10/24/08 | $1,000,000/$0.00 | 1. August 27, 2008 - Motion to Sell (Docket No. 121). <br> 2. Objections filed by Virginia Commerce Bank (Docket No. 158) and GHA, Inc. (Docket No. 160). Response filed by Peed Plumbing, Inc. (Docket No. 163). <br> 3. September 20, 2008 - Order approving the sale (Docket No. 212). <br> 4. November 14, 2008 – Report of Sale (Docket No. 363) <br> 5. The first lien holder, Virginia Commerce Bank, was paid $872,936.60 (Docket No. 363). |
| 4614 Holly Ave., Fairfax, VA | 12/2/08 | $375,000/$0.00 | 1. September 26, 2008 - Motion to Sell (Docket No. 229). <br> 2. No objections were filed. <br> 3. October 23, 2008 - Order approving sale (Docket No. 316). <br> 4. August 7, 2009 – Report of Sale (Docket No. 961). <br> 5. The first lien holder, Virginia Commerce Bank was paid $339,089.06. |

| Real Property | Date of Closing | Sale Price/ Net Proceeds to Estates | Disposition |
|---|---|---|---|
| 2791 Centerboro Drive, Unit 472, Vienna, VA | 12/9/08 | $357,000/$25,028.69[10] | 1. September 26, 2008 Motion to Sell (Docket No. 231).<br>2. No objections were filed.<br>3. October 23, 2008 - Order approving the sale (Docket No. 320) with proceeds to be held in escrow.<br>4. February 6, 2009 – Report of Sale (Docket No. 530).<br>5. Motion of Virginia Commerce Bank for Entry of An Order Releasing Escrowed Funds (Docket No. 795).<br>6. May 15, 2009 – Order granting Virginia Commerce Bank, the first lien holder, $359,282.10 (Docket No. 819). |

[10] Virginia Commerce Bank held a Letter of Credit secured by both 2791 Centerboro Drive, Unit 472, Vienna, VA and 261 Meadows Lane, Leesburg, VA. The proceeds from the sales of 2791 Centerboro Drive, Unit 472, Vienna, Virginia and 261 Meadows Lane, N.E., Leesburg, Virginia were held in escrow pending the resolution of a dispute regarding this letter of credit. Virginia Commerce Bank ultimately received a total of $359,282.10 from the sales of these properties. For purposes of this report, 50% of the combined net proceeds available to the estate has been attributed to each property.

| Real Property | Date of Closing | Sale Price/ Net Proceeds to Estates | Disposition |
|---|---|---|---|
| 5335 Summit Dr., Fairfax, VA | 1/9/09 | $4,068,750/$3,807,069.38[11] | 1. September 19, 2008 - Motion to establish procedures for auction (Docket No. 204). <br> 2. Objections filed by Wells Fargo Bank, NA (Docket No. 270); Residential Capital, LLC (Docket No. 271); Chevy Chase Bank, FSB (Docket No. 272); HSBC Bank USA (Docket No. 273); EMC Mortgage Corporation (Docket No. 365). <br> 3. October 23, 2008 - Order establishing auction procedures (Docket No. 318). <br> 4. December 11, 2008 - Order approving the sale, subject to resolution of the equitable lien objections (Docket No. 403). <br> 5. April 9, 2009 - Report of Sale (Docket No. 746). <br> 6. April 26, 2011 Motion to Approve Settlement with Summit Drive Objectors (Docket No. 2102). <br> 7. May 25, 2011 - Order approving settlement (Docket No. 2136). |

---

[11] Amount differs from Report of Sale due to subsequent resolution of escrows and other issues outstanding at the time of sale.

| Real Property | Date of Closing | Sale Price/ Net Proceeds to Estates | Disposition |
|---|---|---|---|
| 261 Meadows Lane, NE, Leesburg, VA | 2/6/09 | $98,000/$25,028.69[12] | 1. December 23, 2008 - Motion to Sell (Docket No. 440).<br>2. Responses filed by Loudoun County, Virginia (Docket No. 452); Virginia Commerce Bank (Docket No. 461).<br>3. January 30, 2009 - Order approving sale (Docket No. 517) with proceeds to be held in escrow.<br>4. March 9, 2009 - Report of Sale  (Docket No. 643).<br>5. Motion of Virginia Commerce Bank for Entry of An Order Releasing Escrowed Funds (Docket No. 795).<br>6. May 15, 2009 – Order granting Virginia Commerce Bank, the first lien holder, $359,282.10 (Docket No. 819).<br>7. See also 2791 Centerboro Drive, Unit 472, Vienna, VA. |

---

[12]  Amount differs from Report of Sale due to subsequent resolution of escrows and other issues outstanding at the time of sale.

| Real Property | Date of Closing | Sale Price/ Net Proceeds to Estates | Disposition |
|---|---|---|---|
| 4862 Eisenhower Ave., #465, Alexandria, VA | 2/9/09 | $285,000/$254,519.85[13] | 1. December 23, 2008 - Motion to Sell (Docket No. 442).<br>2. January 9, 2009, Response filed by HSBC Bank USA NA (Docket No. 462), limited objection filed by Wells Fargo Bank NA (Docket No. 463).<br>3. January 30, 2009 - Order approving sale (Docket No. 515).<br>4. March 9, 2009 – Report of Sale (Docket No. 642).<br>5. February 24, 2009 - HSBC filed Complaint to determine the validity, extent and priority of its liens on the property.<br>6. May 21, 2010 - Motion to approve settlement and compromise with HSBC (Docket No. 1600).<br>7. June 17, 2010 - Order approving settlement and awarding HSBC $15,000 from the proceeds of the sale of the property (Docket No. 1685). |
| 40249 Beacon Hill Drive, Leesburg, VA | 2/12/09 | $150,000/$123,374.46 | 1. December 23, 2008 - Motion to Sell (Docket No. 438).<br>2. Response filed by Loudoun County, Virginia (Docket No. 453).<br>3. January 30, 2009 - Order approving the sale (Docket No. 518).<br>4. March 11, 2009 - Report of Sale (Docket No. 647). |

---

[13] $15,000 was later paid to HSBC to settle claims made by HSBC to the sale proceeds.

| Real Property | Date of Closing | Sale Price/ Net Proceeds to Estates | Disposition |
|---|---|---|---|
| 11211 Waples Mill Road, Units 200 and 230, Fairfax, Virginia | 2/20/09 | $1,229,100/$0.00 | 1. December 29, 2008 - Motion to Sell (Docket No. 446).<br>2. January 14, 2009 – limited objection filed by Unit Owners Association (Docket No. 470).<br>3. January 30, 2009 - Order approving the sale (Docket No. 516).<br>4. March 20, 2009 - Report of Sale (Docket No. 670).<br>5. The first lien holder, Virginia Commerce Bank, was paid $973,832.87. |
| 1936 Druid Hill Avenue, Baltimore, Maryland | 3/16/09 | $110,000/$96,023.73 | 1. January 30, 2009 - Motion to Sell (Docket No. 504).<br>2. No objections were filed.<br>3. February 25, 2009 - Order approving the sale (Docket No. 566).<br>4. April 9, 2009 - Report of Sale (Docket No. 748). |
| 8012 Quill Point Dr., Bowie, Maryland | 3/31/09 | $269,500/$232,445.55 | 1. February 27, 2009 - Motion to Sell (Docket No. 568).<br>2. Limited objection filed by First Tennessee Bank NA (Docket No. 641).<br>3. March 25, 2009 - Order approving the sale (Docket No. 673).<br>4. April 20, 2009 - Report of Sale (Docket No. 769). |

| Real Property | Date of Closing | Sale Price/ Net Proceeds to Estates | Disposition |
|---|---|---|---|
| 11211 Waples Mill Road, Units 100 and 150, Fairfax, Virginia | 6/2/09 | $1,572,738.13/$0.00 (Unit 100) $414,278.24/$263,259.38 (Unit 150) | 1. April 24, 2009 Motion to Sell (Docket No. 773). 2. No objections were filed 3. May 28, 2009 - Orders approving the sale of the properties (Docket Nos. 829 and 830). 4. June 29, 2009 - Report of Sale for Unit 100. 5. The first lien holder, Virginia Commerce Bank, was paid $1,411,822.23 with respect to Unit 100 (Docket No. 919). 6. June 29, 2009 - Report of Sale for Unit 150. 7. The first lien holder, Virginia Commerce Bank was paid $112,383.00 with respect to Unit 150 (Docket No. 920). |
| 1005 North Virginia Dare Trail, Kill Devil Hills, NC | 6/4/09 | $1,653,750/$128,573.70 | 1. March 27, 2009 - Motion to Establish Procedures for an Auction and to Authorize Sale of Property (Docket No. 679). 2. Response filed by Washington Mutual Bank (Docket No. 750). 3. April 17, 2009 - Order establishing auction procedures (Docket No. 766). 4. June 2, 2009 - Order approving the sale (Docket No. 852). 5. July 1, 2009 - Report of Sale (Docket No. 921). 6. The first lien holder, Washington Mutual Bank, was paid $1,374,990.60. |

| Real Property | Date of Closing | Sale Price/ Net Proceeds to Estates | Disposition |
|---|---|---|---|
| 10611 Judicial Drive, Fairfax, Virginia | 9/11/09 | $1,000,000/$0.00 | 1. May 29, 2009 - Motion to Sell (Docket No. 847).<br>2. Limited objection filed by Virginia Commerce Bank (Docket No. 851).<br>3. July 7, 2009 - Order approving the sale, with a portion of the sale funds to be held in escrow pending resolution of certain mechanics' liens (Docket No. 925).<br>4. October 8, 2009 - Report of Sale (Docket No. 1056).<br>5. The first lien holder, Virginia Commerce Bank, was paid $789,784.93.<br>6. May 6, 2010 – Order granting Virginia Commerce Bank payment of $158,300 from funds held in escrow after resolution of mechanics' liens (Docket No. 1566). |

| **Real Property** | **Date of Closing** | **Sale Price/ Net Proceeds to Estates** | **Disposition** |
|---|---|---|---|
| 4633 Holly Ave., Fairfax, Virginia | 10/22/09 | $600,000/$32,764.88[14] | 1. August 28, 2009 - Motion to Sell (Docket No. 986). <br> 2. Response filed by TWP Enterprises, Inc. (Docket No. 1016). <br> 3. September 25, 2009 - Order approving the sale, with a portion of the sale funds to be held in escrow pending resolution of certain mechanics' liens (Docket No. 1040). <br> 4. November 12, 2009 - Report of Sale (Docket No. 1084). <br> 5. The first lien holder, Virginia Commerce Bank, was paid $455,484.10. <br> 6. June 2, 2010 – Order granting Virginia Commerce Bank an additional $20,000 from funds held in escrow after resolution of mechanics' liens (Docket No. 1622). |

---

[14]  Amount differs from Report of Sale due to subsequent resolution of escrows and other issues outstanding at the time of sale.

| Real Property | Date of Closing | Sale Price/ Net Proceeds to Estates | Disposition |
|---|---|---|---|
| 9034 Bronson Drive, Potomac, Maryland | 10/28/09 | $5,029,500/$1,458,280.72[15] | 1. July 24, 2009 - Motion to establish auction procedures and to authorize the sale of both 9034 and 9036 Bronson Drive (Docket No. 948). <br> 2. Limited objection filed by Virginia Commerce Bank (Docket No. 953). <br> 3. September 2, 2009 - Order entered establishing auction procedures (Docket No. 996). <br> 4. September 25, 2009 - order approving the sale of 9034 Bronson Drive, with a portion of the sale funds to be held in escrow pending resolution of certain mechanics' liens (Docket No. 1042). <br> 5. November 10, 2009 - Report of Sale (Docket No. 1082). <br> 6. The first lien holder, Virginia Commerce Bank, was paid $3,390,294.35. <br> 7. March 25, 2010 – Order granting Virginia Commerce Bank an additional $100,000 from funds held in escrow after resolution of mechanics' liens (Docket No. 1395). |

---

[15] Amount differs from Report of Sale due to subsequent resolution of escrows and other issues outstanding at the time of sale.

| Real Property | Date of Closing | Sale Price/ Net Proceeds to Estates | Disposition |
|---|---|---|---|
| 4621 Holly Ave., Fairfax, VA | 11/3/09 | $800,000/$0.00 | 1. September 2, 2009 - Motion to Sell (Docket No. 998). <br> 2. No objections were filed. <br> 3. September 25, 2009, - Order approving the sale (Docket No. 1038). <br> 4. October 20, 2009, Amended Order approving the sale, with a portion of the sale funds to be held in escrow pending resolution of certain mechanics' liens (Docket No. 1066). <br> 5. December 3, 2009 – Report of Sale (Docket No. 1112). <br> 6. The first lien holder, Virginia Commerce Bank, was paid $704,401.26. <br> 7. June 2, 2010 Order granting VCB an additional $12,251.60 from funds held in escrow after resolution of mechanics' liens (Docket No. 1622). |
| Lots 2A and 2B located at Fairfax County Tax Map #0651-01-0002A & Fairfax County Tax Map #0651-01-002B, on Stone Road in Centreville, Virginia | 12/16/09 | $425,000/$0.00 | 1. November 5, 2009 - Motion to Sell (Docket No. 1079). <br> 2. Response filed by the United States of America (Docket No. 1089). <br> 3. December 2, 2009, Order approving the sale (Docket No. 1110). <br> 4. March 11, 2010 - Report of Sale (Docket No. 1300). <br> 5. The first lien holder, Virginia Commerce Bank, was paid $382,303.39. |

| **Real Property** | **Date of Closing** | **Sale Price/ Net Proceeds to Estates** | **Disposition** |
|---|---|---|---|
| 9036 Bronson Drive, Potomac, Maryland | 12/31/09 | $3,113,250/$237,653.54 | 1. See disposition of 9034 Bronson Drive, above.<br>2. December 30, 2009 - modified order approving the sale of 9036 Bronson Drive (Docket No. 1145).<br>3. January 28, 2010 - Report of Sale (Docket No. 1178) .<br>4. The first lien holder, American Home Mortgage, was paid $2,623,459.79. |
| 12515 Chronical Drive, Fairfax, Virginia | 12/31/09 | $850,000/$25,500 | 1. June 26, 2009 - Motion to Sell (Docket No. 910).<br>2. Response filed by Countrywide Home Loans (Docket No. 930).<br>3. July 27, 2009 - Order approving the sale (Docket No. 952).<br>4. October 30, 2009 - Supplemental Motion to Sell to resolve issues from the filing of a Notice of Lien for Criminal Penalties by the United States (Docket No. 1077).<br>5. Response to the Supplemental Motion filed by the United States of America (Docket No. 1085).<br>6. November 20, 2009 – Order approving supplemental motion (Docket No. 1098).<br>7. January 28, 2010 - Report of Sale (Docket No. 1179).<br>8. The first lien holder, Countrywide Home Loans was paid $778,898.49. |

| **Real Property** | **Date of Closing** | **Sale Price/ Net Proceeds to Estates** | **Disposition** |
|---|---|---|---|
| 42530 Tall Cedars Parkway, Chantilly, Virginia (13 acres) | 2/11/11 | $3,850,000/$0.00 (deficiency claim limited) | 1. February 19, 2010- Motion to Sell (Docket No. 1213). <br> 2. Response filed by Loudoun County, Virginia (Docket No. 1286). <br> 3. March 25, 2010 - Order approving the sale (Docket No. 1396). <br> 4. The Trustee subsequently filed amendments to the Motion to Sell (Docket Nos. 1694 and 1942). <br> 5. July 13, 2010 and January 21, 2011 – Orders approving amendments to Motion to Sell (Docket Nos. 1733 and 1965). <br> 6. March 2, 2011 - Report of Sale (Docket No. 2025). <br> 7. The first lien holder, Virginia Commerce Bank, was paid $3,014,760.24. |
| 42530 Tall Cedars Parkway, Chantilly, Virginia (5.5 acres) | | $475,000/$0.00 (deficiency claim limited) | 1. June 24, 2011 - Motion to Sell (Docket No. 2199). <br> 2. No objections were filed. <br> 3. July 19, 2011 - order approving the sale (Docket No. 2249). <br> 4. The first lien holder, Virginia Commerce Bank, was paid $450,373.33. |

| Real Property | Date of Closing | Sale Price/ Net Proceeds to Estates | Disposition |
|---|---|---|---|
| Goose Creek Parcel at Belmont Ridge Road, Loudoun County, Virginia | | $2,712,000 (credit bid)/$0.00 | 1. June 18, 2010 - Motion for an Auction and to Authorize the Sale of Property (Docket No. 1696).<br>2. Objection filed by Mutual Bank (Docket No. 1790), as was a Motion for Relief from Stay (Docket No. 1836).<br>3. May 29, 2012 - Order approving the sale (Docket No. 2549).<br>4. At the auction, United Central Bank, the holder of the first lien, as successor-in-interest to Mutual Bank, submitted a credit bid in the amount of $2,712,000.00. |

## III.    Abandoned Properties

The Trustee abandoned the following parcels of real property during the chapter 11 cases:

| Real Property | Disposition |
|---|---|
| 5444 Ashleigh Road, Fairfax, Virginia | Notice of Abandonment of Property filed December 19, 2008 (Docket No. 423). |
| 1712 Abbotston Street, Baltimore, MD | Notice of Abandonment of Property filed February 19, 2009 (Docket No. 545). |
| 2041 Harlem Avenue, Baltimore, MD | Notice of Abandonment of Property filed February 19, 2009 (Docket No. 546). |
| Timeshare in Orlando, Florida | Notice of Abandonment of Property filed November 10, 2010 (Docket No. 1876). |

## IV.    Claims.

Approximately 158 proofs of claim were filed against the estates.   In addition, the Debtors had scheduled many other claims.   Secured claims were primarily satisfied through the

disposition of real property described above, which resulted in payments to secured creditors totaling $18,677,150.18.  In addition, the Trustee and the Plan Trustee negotiated and litigated a number of objections to proofs of claim.  The following were the most significant claims in these cases.

      1.  **Virginia Commerce Bank ("VCB"). –** Secured Claim Payments totaling $13,171,625.50, Allowed General Unsecured Claims Totaling $2,016,511.00.

VCB was the largest creditor of the Debtors.  VCB filed claims totaling $35,319,327.25[16] as set forth on the following chart.  Certain of its claims were secured by a total of 15 pieces of real property, some of which were cross-collateralized.  In connection with the disposition of real property described herein, VCB received a total of $13,171,625.50 in sale proceeds, and its general unsecured deficiency claims were reduced to $2,016,511.  By Order entered on November 5, 2012 (Docket No. 2679), all outstanding disputes regarding VCB's claims were resolved.  The following chart lists each proof of claim, and where applicable, the sale proceeds received on account of such claim.

| Debtor | Claim Nos. | Claim Amount | Related Property | Notes/Resolution | Disposition of Claim |
|--------|-----------|-------------|------------------|------------------|---------------------|
| | | | | | |
| Taneja | 32-1 (Secured) Filed 10/13/08 | $786,709.87 | Construction loans on 4620 Holly Avenue and 4621 Holly Ave., Fairfax, Virginia | On August 17, 2012, the Liquidating Trustee filed an objection to this claim, as duplicative of Taneja Claim No. 40 (Docket No. 2630).  Order entered 11/5/12 (Docket No. 2679) disallowed this claim. | Claim disallowed. |

---

[16]  Includes amounts as originally filed.  Many claims were later amended.

| Debtor | Claim Nos. | Claim Amount | Related Property | Notes/Resolution | Disposition of Claim |
|---|---|---|---|---|---|
| Taneja | 33-1 (Unsecured) Filed 10/13/08 | $7,309,448.34 | Deed of Trust Note dated 5/31/06, co-maker liability on 42530 Tall Cedars Pkwy., Chantilly, VA. | | See Taneja Claim 33-2. |
| Taneja | 33-2 (Unsecured) Filed 12/30/11 | $3,675,000.00 | | On August 17, 2012, the Liquidating Trustee filed an objection to this claim, as duplicative of TCI Claim No. 5 (Docket No. 2630). Order entered 11/5/12 (Docket No. 2679) disallowed this claim. | Claim disallowed as duplicative. |
| Taneja | 34-1 (Secured) Filed 10/13/08 | $403,980.18 | 1.1 Acres Stone Road Centreville, VA | Property sold for $425,000.  VCB was paid $383,303.39 from the proceeds of this sale. (Report of Sale - Docket No. 1300). | Paid at closing. |
| Taneja | 34-2 (Unsecured) Filed 12/30/11 | $21,677.00 | | No objection filed. | Allowed unsecured deficiency claim. |

| Debtor | Claim Nos. | Claim Amount | Related Property | Notes/Resolution | Disposition of Claim |
|---|---|---|---|---|---|
| Taneja | 35-1 (Secured) Filed 10/13/08 | $1,210,750.71 | Deed of Trust Note dated 7/27/05, acquisition and development loan on 4620, 4621 and 4614 Holly Ave., Fairfax, VA | 4620 Holly Ave. sold for $1,000,000. VCB was paid $872,936.60 from the proceeds of this sale (Docket No. 363). 4614 Holly Ave. sold for $375,000. VCB was paid $339,089.06 from the proceeds of this sale (Docket No. 961). 4621 Holly Ave. sold for $800,000. VCB was paid $704,401.26 from the proceeds of this sale (Docket No. 1112). On August 17, 2012, the Liquidating Trustee filed an objection to this claim (Docket No. 2630) as paid. Order entered 11/5/12 (Docket No. 2679) disallowed this claim. Additionally, on December 18, 2009, VCB was paid $3,929.00 on account of a tax overpayment for 4621 Holly Ave. On March 19, 2010, this Court entered an Order terminating the escrow established with the sale of 4614 Holly Ave. (Docket No. 1353). Consequently, the Trustee turned over an additional $20,693.12 to VCB. | Paid at closing. |

| Debtor | Claim Nos. | Claim Amount | Related Property | Notes/Resolution | Disposition of Claim |
|--------|-----------|-------------|------------------|------------------|---------------------|
| Taneja | 36-1 (Unsecured) Filed 10/13/08 | $413,836.82 | Deed of Trust Note Dated 8/24/05, co-maker liability for 4633 Holly Ave., Fairfax, Virginia | See Notes to NRM Claim 8-1. | Paid at closing. |
| Taneja | 36-2 (Unsecured) Filed 12/30/11 | $0.00 | | | |
| Taneja | 37-1 (Unsecured) Filed 10/13/08 | $1,541,111.83 | Deed of Trust Dated 6/26/07, co-maker liability for 10611 Judicial Drive, Fairfax, Virginia | See Notes to NRM Claim 9-1. | See Taneja Claim 37-3. |
| Taneja | 37-2 (Unsecured) Filed 10/16/08 | $1,541,111.83 | Deed of Trust Note dated 6/26/07, co-maker liability for 10611 Judicial Drive, Fairfax, Virginia | | Partially paid at closing. See NRM Claim No. 9. |
| Taneja | 37-3 (Unsecured) | $723,300.42 | | On August 17, 2012, the Liquidating Trustee filed an objection to this claim, as duplicative of NRM Claim No. 9-2 (Docket No. 2630).  Order entered 11/5/12 (Docket No. 2679) disallowed this claim. | Claim disallowed as duplicative. |
| Taneja | 38-1 (Unsecured) Filed 10/13/08 | $1,049,951.61 | Deed of Trust Note dated 7/21/04, co-maker liability for 11211 Waples Mill Road, Fairfax, VA, Suites #150, 200, and 230. | See Notes to FMI Claim 13-1. | Paid in full at closing – See FMI Claim 13. |
| Taneja | 38-2 Filed 12/30/11 | $0.00 | | | |

| Debtor | Claim Nos. | Claim Amount | Related Property | Notes/Resolution | Disposition of Claim |
|--------|-----------|--------------|------------------|------------------|----------------------|
| Taneja | 39-1 (Secured) Filed 10/13/08 | $1,390,149.47 | 11211 Waples Mill Road, Unit 100, Fairfax, VA | Unit 100 sold for $1,572,738.13. VCB was paid $1,411,822.23 from the proceeds of this sale (Docket No. 919). On 12/30/11, VCB filed amended claim reducing amount to $0.00. | Paid in full at closing. |
| Taneja | 39-2 Filed 12/30/11 | $0.00 | | | |
| Taneja | 40-1 (Secured) Filed 10/13/08 | $753,433.90 | Construction loans on 4620 Holly Avenue and 4621 Holly Ave., Fairfax, Virginia | 4620 Holly Ave. sold for $1,000,000. VCB was paid $872,936.60 from the proceeds of this sale. 4621 Holly Ave. sold for $800,000. VCB was paid $704,401.26 from the proceeds of this sale. Pursuant to Order entered on June 2, 2010, VCB received an additional $32,251.60 from the proceeds of the 4621 Holly Avenue Escrow account (Docket No. 1622). VCB also received $30,077.65 from the 4620 Holly Avenue Escrow account held by Provident Title and Escrow. | Partially paid at closing. |
| Taneja | 40-2 (Unsecured) Filed 1/31/12 | $494,834.00 | | No objection. | Allowed unsecured deficiency claim. |

| Debtor | Claim Nos. | Claim Amount | Related Property | Notes/Resolution | Disposition of Claim |
|--------|-----------|--------------|------------------|------------------|----------------------|
| Taneja | 41-1 (Secured) Filed 10/13/08 | $3,142,203.63 | 9034 Bronson Road Potomac, MD | 9034 Bronson Road sold for $5,029,500. VCB was paid $3,390,294.35 from the proceeds of this sale (Docket No. 1082).  On 12/30/11, VCB filed amended claim reducing amount to $0.00.  Pursuant to an order entered March 25, 2010, VCB received an additional $100,000 out of the 9034 Bronson Drive Escrow, in full and final satisfaction of all of VCB's claims against the Bronson Drive Property, the 9034 Bronson Drive Escrow, and the Bronson Sale Proceeds (Docket No. 1395). | Paid in full at closing. |
| Taneja | 41-2 Filed 12/30/11 | $0.00 | | | |
| Taneja | 42-1 (Secured) Filed 10/13/08 | $353,162.00 | Letter of Credit secured by 2791 Centerboro Drive, Unit 472, Vienna, VA and 261 Meadows Lane, Leesburg, VA | 2791 Centerboro Drive sold for $357,000. VCB was paid $359,282.10 from the proceeds of this sale (Docket No. 530).  On 12/30/11, VCB filed amended claim reducing amount to $0.00. | Paid in full per Court Order 5/15/09. |
| Taneja | 42-2 Filed 12/30/11 | $0.00 | | | |

| Debtor | Claim Nos. | Claim Amount | Related Property | Notes/Resolution | Disposition of Claim |
|--------|-----------|--------------|------------------|------------------|---------------------|
| FMI | 13-1 (Secured) Filed 10/13/08 | $1,049,951.61 | 11211 Waples Mill Rd. Fairfax, VA Suite 150, 200, 230 | Unit 150 sold for $414,278.24.  VCB was paid $112,383 from the proceeds of this sale (Docket No. 920).  Units 200 and 230 sold for $1,229,100.  VCB was paid $973,832.87 from the proceeds of this sale (Docket No. 670). On 12/30/11, VCB filed amended claim reducing amount to $0.00. | Paid in full at closing. |
| FMI | 13-2 Filed 12/30/11 | $0.00 | | | |
| TCI | 5-1 (Secured) Filed 10/13/08 | $7,309,448.34 | 42530 Tall Cedars Parkway Chantilly, VA | Property sold for $3,850,00.00.  VCB was paid $3,014,760.24 from the proceeds of this sale (Docket No. 2025).  Pursuant to Order entered 11/6/09 (Docket No. 1081), deficiency claim capped at $1.5 million. On August 17, 2012, Liquidating Trustee filed an objection to this claim.  Order entered 11/5/12 (Docket No. 2679) reducing claim to $1.5 million unsecured claim. | Partially paid at closing.  Per Court Order entered 11/6/09, claim limited to $1.5M. |
| NRM | 5-1 (Secured) Filed 10/13/08 | $403,980.18 | 11.1 Acres Stone Road Centreville, VA | Property sold for $425,000.  VCB was paid $383,303.39 from the proceeds of this sale. (See Taneja Claim 34-1). | Partially paid at closing – See Taneja Claim 34. |

| Debtor | Claim Nos. | Claim Amount | Related Property | Notes/Resolution | Disposition of Claim |
|--------|-----------|--------------|------------------|------------------|---------------------|
| NRM | 5-2 (Unsecured) Filed 12/30/11 | $21,677.00 | | On August 17, 2012, the Liquidating Trustee filed an objection to this claim, as duplicative of Taneja Claim No. 34-2 (Docket No. 2630). Order entered 11/5/12 (Docket No. 2679) disallowed this claim. | Claim disallowed as duplicative. |
| NRM | 6-1 (Unsecured) Filed 10/13/08 | $786,709.87 | Deed of Trust Note dated 7/27/05, construction loans on 4620 and 4621 Holly Ave. | On August 17, 2012, the Liquidating Trustee filed an objection to this claim, as duplicative of Taneja Claim No. 40-2 (Docket No. 2630). Order entered 11/5/12 (Docket No. 2679) disallowed this claim. | Claim disallowed as duplicative. |
| NRM | 7-1 (Unsecured) Filed 10/13/08 | $1,210,750.71 | Deed of Trust Note dated 7/27/05, co-maker liability for 4620 4621 and 4614 Holly Ave. acquisition and development loans. | On August 17, 2012, the Liquidating Trustee filed an objection to this claim, as duplicative of Taneja Claim No. 35 (Docket No. 2630). Order entered 11/5/12 (Docket No. 2679) disallowed this claim. | Claim disallowed as duplicative. |

| Debtor | Claim Nos. | Claim Amount | Related Property | Notes/Resolution | Disposition of Claim |
|---|---|---|---|---|---|
| NRM | 8-1 (Secured) Filed 10/13/08 | $413,836.82 | 4633 Holly Avenue Fairfax, VA | Property sold for $600,000.  VCB was paid $455,484.10 from the proceeds of this sale (Docket No. 1084).  Pursuant to an Order entered on 6/2/10, VCB received an additional $20,000 from funds held in 4633 Holly Avenue Escrow account (Docket No. 1622). On 12/30/11, VCB filed amended claim reducing amount to $0.00. | Paid in full at closing. |
| NRM | 8-2 Filed 12/30/11 | $0.00 | | | |
| NRM | 9-1 (Secured) Filed 10/13/08 | $1,541,111.83 | 10611 Judicial Drive Fairfax, VA | Property sold for $1,000,000.  VCB was paid $789,784.93 from the proceeds of this sale at closing (Docket No. 1056).  On May 6, 2010, this Court entered an Order releasing the funds held in escrow pursuant to the sale of 10611 Judicial Drive (Docket No. 1566). Consequently, the Trustee paid $158,300 to VCB from the funds held in escrow. | Partially paid at closing. |
| NRM | 9-2 (Unsecured) Filed 12/30/11 | $723,300.42 | | No objection filed. | Allowed unsecured deficiency claim. |

| Debtor | Claim Nos. | Claim Amount | Related Property | Notes/Resolution | Disposition of Claim |
|--------|-----------|--------------|------------------|------------------|----------------------|
| NRM | 10-1 (Unsecured) Filed 10/13/08 | $753,433.90 | Deed of Trust Note dated 7/27/05, co-maker liability for construction loans on 4620 and 4621 Holly Ave. loans. | See Notes to Taneja Claim 40-1. | Partially paid at closing. See Taneja Claim 40. |
| NRM | 10-2 (Unsecured) Filed 1/31/12 | $494,834.00 | | On August 17, 2012, the Liquidating Trustee filed an objection to this claim, as duplicative of Taneja Claim No. 40-2 (Docket No. 2630). Order entered 11/5/12 (Docket No. 2679) disallowed this claim. | Claim disallowed. |
| NRM | 11-1 (Unsecured) Filed 10/13/08 | $3,142,203.63 | Deed of Trust Note dated 4/11/06, co-maker liability on 9034 Bronson Road, Potomac, MD | See Notes to Taneja Claim No. 41-1. | Paid in full at closing. See Taneja Claim 41. |
| NRM | 11-2 Filed 12/30/11 | $0.00 | | | |
| NRM | 12-1 (Unsecured) Filed 10/13/08 | $353,162.00 | Letter of Credit - Co-Maker liability | See Notes to Taneja Claim No. 42-1. | Paid in Full pursuant to Court Order entered 5/15/09. See Taneja Claim 42. |
| NRM | 12-2 Filed 12/30/11 | $0.00 | | | |

2.  **First Tennessee Bank ("FTB")** – Allowed Unsecured Claim Amount = $3,808,249.10

FTB filed a secured proof of claim in the amount of $5,408,249.10 in the Vijay Taneja

case (Claim No. 43).  FTB filed identical proofs of claim against the TCI (Claim No. 6) and FMI

(Claim No. 14) estates.  On August 15, 2012, the Trustee filed its Objection to the Claim of FTB

filed in the Vijay Taneja case (Docket No. 2570).  On August 17, 2012, the Trustee filed its First

Omnibus Objection to Claims – Duplicate Claims (Docket No. 2616), which included an

objection to the others FTB claims. Subsequent to the filing of the objections, the Trustee was

advised that Old Republic National Title Insurance Company and FTB had entered into a

settlement post-petition whereby Old Republic paid $1,600,000 to FTB on account of the FTB

claims against the Debtors.  Pursuant to a Stipulation entered on November 8, 2012 (Docket No.

2689), the Trustee resolved its objections to FTB's claims, and Claim No. 43 filed by FTB in the

Vijay Taneja case was allowed as a general unsecured claim in the amount of $3,808,249.10.

FTB Claim No. 6 and FTB Claim No. 14, and all scheduled claims of FTB were disallowed and

expunged in their entirety. The following chart summarizes the disposition of these claims.

| Claimant | Amount | Estate | POC # | Filed as Secured/Uns. | Disposition of Claim |
|---|---|---|---|---|---|
| First Tennessee Bank | $5,408,249.10 | TCI | 6 | Secured | $0.00 |
| First Tennessee Bank | $5,408,249.10 | FMI | 14 | Secured | $0.00 |
| First Tennessee Bank | $5,408,249.10 | Taneja | 43 | Secured | $3,808,249.10 (Unsecured) |

3.  **Capital One, NA** – Allowed Unsecured Claim Amount = $100,000.

Capital One filed a secured proof of claim in the amount of $2,963,768.05 in the Vijay

Taneja case (Claim No. 53), relating to the property located at 5335 Summit Drive, Fairfax,

Virginia.  Pursuant to the order approving settlement and compromise entered on May 25, 2011

(Docket No. 2136), Capital One agreed to reduce all its asserted claims to a $100,000 allowed

general unsecured claim.  On August 16, 2012, the Trustee filed an Objection to the Claim of

Capital One (Docket No. 2606).   On August 16, 2012, Capital One amended its claim as requested in the Objection (Claim No. 53-2).   On November 2, 2012, the Trustee Withdrew his Objection to the Claim of Capital One. The following chart summarizes the disposition of these claims.

| Claimant | Amount | Estate | POC # | Filed as Secured/Uns. | Disposition of Claim |
|----------|--------|--------|-------|----------------------|----------------------|
| Capital One, NA | $2,963,768.05 | Taneja | 53-1 | Secured | $0.00 |
| Capital One, NA | $100,000 | Taneja | 53-2 | Unsecured | $100,000 (unsecured) |

4. **EMC Mortgage Corp**. ("EMC") – Allowed Unsecured Claim Amount = $3,000,000.

EMC filed secured claims in the following amounts in the FMI case:  Claim No. 10-1 - $1,010,402.97, Claim No. 11-1 - $592,168.43, Claim No. 26-1 - $10,679,700.00.  EMC filed a claim identical to FMI Claim No. 26-1 in the Vijay K. Taneja case, Claim No. 62-1.  Pursuant to the order approving settlement and compromise entered on May 25, 2011 (Docket No. 2136), EMC was allowed a general unsecured claim in the amount of $1,850,000.00 ("Summit Drive Settlement") in connection with the property located at 5335 Summit Drive, Fairfax, Virginia.  As a result of the substantive consolidation of the FMI and Taneja cases pursuant to the Plan, Claim No. 26-1 and Claim No. 62-1 are duplicate claims.  Pursuant to a Stipulation between JPMorgan Chase Bank, NA, as successor to EMC, JPMorgan was allowed a general unsecured claim in the amount of $3,000,000, inclusive of the Summit Drive Settlement.  This allowed general unsecured claim is represented by Claim No. 26 which is reduced to $3,000,000 and recharacterized from a secured claim to a general unsecured claim.  The balance of Claim No. 26 was disallowed.  All other proof of claims filed by EMC and scheduled claims of EMC, were

32

also disallowed.  Additionally, Mortgage Electronic Registration System filed a secured proof of

claim in the amount of $2,933,411.02 in the Taneja case, Claim No. 4-1. On August 17, 2012,

the Trustee filed its First Omnibus Objection to Claims, which included an objection to the claim

of MERS as duplicative of EMC Claim 62.  On January 16, 2013, this Court entered an Order

sustaining the Trustee's First Omnibus Objection to Claims (Docket No. 2716). The following

chart summarizes the disposition of these claims.

| Claimant | Amount | Estate | POC # | Filed as Secured/Uns. | Disposition of Claim |
|---|---|---|---|---|---|
| EMC Mortgage Corp. | $1,010,402.97 | FMI | 10 | Secured | $0.00 |
| EMC Mortgage Corp. | $592,168.43 | FMI | 11 | Secured | $0.00 |
| EMC Mortgage Corp. | $10,679,700 | FMI | 26 | Secured | $3,000,000 (Unsecured) |
| EMC Mortgage Corp. | $10,679,700 | Taneja | 62 | Secured | $0.00 |
| Mortgage Electronic Registration System | $2,933,411.02 | Taneja | 4 | Secured | $0.00 |

5.  **Franklin Bank, SSB** – Allowed Unsecured Claim Amount = $5,750,000.

Franklin Bank filed proofs of claim in the following cases, each in the amount of $8,281,346.33:

Elite Entertainment, Inc. (Claim No. 6-1), FMI (Claim No. 15-1), TCI (Claim No. 7-1), NRM

(Claim No. 14-1) and Vijay Taneja (Claim No. 44-1).    The Federal Deposit Insurance

Corporation is the Receiver for Franklin Bank.   On August 17, 2012, the Trustee filed its

Twelfth Omnibus Objection to Claims of FDIC as Receiver for Franklin Bank (Docket No.

2638).   Pursuant to a Stipulation and Consent Order entered on August 6, 2013 (Docket No.

2731), the Trustee and the FDIC resolved these claims, as follows:  Claim No. 44 was allowed as

a general unsecured claim in the reduced amount of $5,750,000, and the balance of the Franklin

Bank claims, and any other proofs of claims or scheduled claims of Franklin Bank, were

disallowed. The following chart summarizes the disposition of these claims.

| Claimant | Amount | Estate | POC # | Filed as Secured/Uns. | Disposition of Claim |
|----------|--------|--------|-------|-----------------------|----------------------|
| Franklin Bank, SSB | $8,281,346.33 | TCI | 7 | Secured | $0.00 |
| Franklin Bank, SSB | $8,281,346.33 | Elite | 6 | Secured | $0.00 |
| Franklin Bank, SSB | $8,281,346.33 | NRM | 14 | Secured | $0.00 |
| Franklin Bank, SSB | $8,281,346.33 | FMI | 15 | Secured | $0.00 |
| Franklin Bank, SSB | $8,281,346.33 | Taneja | 44 | Secured | $5,750,000 (Unsecured) |

6. **Wells Fargo Funding Inc.** – Allowed Unsecured Claim Amount = $9,888,313.55; **Wells Fargo Bank**– Allowed Unsecured Claim Amount = $13,956.98.

Wells Fargo filed a secured proof of claim in the amount of $14,330,668.15 in the FMI

case (Claim No. 25-1).  Wells Fargo also filed the following claims in the Vijay Taneja case:

Claim No. 57 in the amount of $3,525,220.40, Claim No. 59 in the amount of $14,330,668.15,

and Claim No. 23-1 in the amount of $13,956.98.  Pursuant to a Stipulation between Wells Fargo

and the Trustee, Claim Nos. 25-1 and 57-1 were disallowed, and Claim No. 59-1 was allowed as

a general unsecured claim in the amount of $9,888,313.55.  Claim No. 23-1 was allowed in the

general unsecured amount of $13,956.98. The following chart summarizes the disposition of

these claims.

34

| Claimant | Amount | Estate | POC # | Filed as Secured/Uns. | Disposition of Claim |
|---|---|---|---|---|---|
| Wells Fargo Bank, NA | $13,956.98 | Elite | 3 | Unsecured | $0.00 |
| Wells Fargo Funding, Inc. and Wells Fargo Bank, NA | $14,330,668.15 | FMI | 25 | Secured | $0.00 |
| Wells Fargo Bank NA | $13,956.98 | Taneja | 23 | Unsecured | $13,956.98 (Unsecured) |
| Wells Fargo Funding | $3,525,220.40 | Taneja | 57 | Secured | $0.00 |
| Wells Fargo Funding | $14,330,668.15 | Taneja | 59 | Secured | $9,888,313.55 (Unsecured) |

7.  **American Home Mortgage Servicing Inc. ("AHMS")** – Secured Claim Fully Satisfied.

AHMS filed a proof of claim in the amount of $3,562,489.89 in the Vijay Taneja case (Claim No. 69-1), secured by property located at 9036 Bronson Drive, Potomac, Maryland.  The property was sold for $3,113,250, and AHMS was paid $2,623,459.79 from proceeds of the sale (Report of Sale, Docket No. 1178), in full and final satisfaction of its lien against the property. On August 17, 2012, the Trustee filed its Fifth Omnibus Objection to Claims, which included an objection to the claim of AHMS (Docket No. 2624). On January 8, 2013, this Court entered an Order Sustaining the Trustee's Fifth Omnibus Objection (Docket No. 2711). The following chart summarizes the disposition of this claim.

| Claimant | Amount | Estate | POC # | Filed as Secured/Uns. | Disposition of Claim |
|---|---|---|---|---|---|
| American Home Mortgage Servicing Inc. | $3,562,489.89 | Taneja | 69 | Secured | $0.00 (Paid $2,623,459.79 at closing in full satisfaction) |

8. **Countrywide Home Loans, Inc.** – Secured Claim Fully Satisfied.

Countrywide filed a proof of claim in the amount of $778,501.92 in the Vijay Taneja case (Claim No. 68-1), secured by property located at 12515 Chronical Drive, Fairfax, Virginia.  The property was sold for $850,000, and Countrywide was paid $778,898.49 from proceeds of the sale (Report of Sale, Docket No. 1179), in satisfaction of its lien against the property.   On August 17, 2012, the Trustee filed its Fifth Omnibus Objection to Claims, which included an objection to the claim of Countrywide (Docket No. 2624). On January 8, 2013, this Court entered an Order Sustaining the Trustee's Fifth Omnibus Objection (Docket No. 2711). The following chart summarizes the disposition of this claim.

| **Claimant** | **Amount** | **Estate** | **POC #** | **Filed as Secured/Uns.** | **Disposition of Claim** |
|---|---|---|---|---|---|
| Countrywide Home Loans, Inc. | $778,501.92 | Taneja | 68 | Secured | $0.00 (Paid in full at closing) |

9. **Deutsche Bank National Trust Co.** – Claim Disallowed.

On October 16, 2008, Midland Mortgage Co. filed a proof of claim in the Vijay Taneja case in the amount of $2,930,098.79 (Claim No. 51), secured by property located at 5335 Summit Drive, Fairfax, Virginia.   On September 11, 2009, Midland transferred the claim to Quantum Servicing Corporation. On July 30, 2012, Quantum transferred the claim to Deutsche Bank.   On August 17, 2012, the Trustee filed its Fifth Omnibus Objection to Claims, which included an objection to the claim of Deutsche Bank (Docket No. 2624). On January 8, 2013, this Court entered an Order Sustaining the Trustee's Fifth Omnibus Objection (Docket No. 2711). The following chart summarizes the disposition of this claim.

| Claimant | Amount | Estate | POC # | Filed as Secured/Uns. | Disposition of Claim |
|---|---|---|---|---|---|
| Deutsche Bank National Trust Co. | $2,930,098,79 | Taneja | 51 | Secured | $0.00 |

10. **GMAC Mortgage, LLC, Ally Financial, Inc. and Residential Funding Co. LLC** – Allowed General Unsecured Claims Totaling $2,472,269,42

Ally Financial, Inc. (formerly known as GMAC LLC), GMAC Mortgage, LLC and

Residential Funding Company, LLC (collectively "Claimants") filed proofs of claims as follows:

| Claimant | Amount | Estate | POC # | Filed as Secured/Uns. | Disposition of Claim |
|---|---|---|---|---|---|
| Residential Funding Co. LLC | $4,674,005.82 | Taneja | 61 | Unsecured | $622,269.42 (Unsecured) |
| GMAC LLC | $2,966,111.38 | Taneja | 60-1 | Secured – 5335 Summit Dr., Fairfax, VA | $0.00 |
| GMAC Mortgage LLC | $1,850,000.00 | Taneja | 60-2 | Unsecured | $1,850,000 (Unsecured) |
| GMAC Mortgage LLC | $221,811.11 | Taneja | 2 | Secured – 5444 Ashleigh Road, Fairfax, VA | $0.00 |
| GMAC Mortgage LLC | $2,936,050.53 | Taneja | 3 | Secured – 5335 Summit Dr., Fairfax, VA | $0.00 |
| GMAC LLC | $4,674,005.82 | FMI | 24 | Unsecured | $0.00 |
| Allied Financial, Inc. | $1,850,000.00 | FMI | 33 | Unsecured | $0.00 |
| GMAC LLC | $4,674,005.82 | Taneja | 54 | Secured – 5335 Summit Dr., Fairfax, Virginia | $0.00 |
| GMAC LLC | $2,966,111.38 | Taneja | 56 | Unsecured | $0.00 |

Pursuant to the order approving settlement and compromise entered on May 25, 2011

(Docket No. 2136), GMAC was allowed a general unsecured claim in the amount of

$1,850,000.00 ("Summit Drive Settlement") in connection with the property located at 5335 Summit Drive, Fairfax, Virginia. GMAC filed an amended proof of claim on June 24, 2011 in that amount (Claim No. 60-2).

On August 17, 2012, the Trustee filed his First, Third and Fifth Omnibus Objections to Claims, which included objections to the Claimant's proofs of claim. Pursuant to a Stipulation entered into between the Claimants and the Trustee, the parties agreed to resolve the treatment of the Claimant's Claims. Claim No. 60-2 was allowed as a general unsecured claim in the amount of $1,850,000 and Claim No. 61 was allowed as a general unsecured claim in the amount of $622,269.42. All other claims were disallowed.

11. **Washington Mutual Bank ("WAMU")** – Allowed Unsecured Claims Totaling $768,705.50.

WAMU filed two secured proofs of claim in the Vijay Taneja case, Claim No. 5 in the amount of $347,993.74 secured by property located at 4862 Eisenhower Avenue, #465, Alexandria, Virginia, and Claim No. 7 in the amount of $2,385,858.92 secured by property located at 1005 North Virginia Dare Trail, Kill Devil Hills, North Carolina. WAMU also had several scheduled claims, including a scheduled unsecured claim in the amount of $450,070.41 in the Taneja case.

The Eisenhower Avenue property sold for $285,000 (Report of Sale, Docket No. 642). Pursuant to an Order entered June 17, 2010 (Docket No. 1685), HSBC Bank USA National Association for MLMI Services 2006-A1 c/o JP Morgan Chase Bank National Association f/k/a Washington Mutual Bank received the sum of $15,000 from the proceeds of the property, and released all rights, claims and interests to the property and proceeds from the sale.

The Kill Devil Hills property sold for $1,653,750. Washington Mutual received $1,374,990.60 from the proceeds of the sale.

On August 17, 2012, the Trustee filed its First, Fifth and Tenth Omnibus Objection to certain claims of Washington Mutual (Docket Nos. 2616, 2624, and 2634). Pursuant to a Stipulation entered February 13, 2013 between JP Morgan Chase Bank, NA, as acquirer of certain assets of Washington Mutual Bank, and the Trustee, WAMU secured claims were resolved as follows: Claim No. 5 was allowed as a general unsecured claim in the reduced amount of $133,197.50. Claim No. 7 was allowed as a general unsecured claim in the reduced amount of $410,472.79. The scheduled claim of WAMU was also allowed in the reduced amount of $225,035.21. The following chart summarizes the disposition of these claims.

| Claimant | Amount | Estate | POC # | Filed as Secured/Uns. | Disposition of Claim |
|---|---|---|---|---|---|
| Washington Mutual Bank | $347,993.74 | Taneja | 5 | Secured | $133,197.50 (Unsecured) |
| Washington Mutual Bank | $2,385,858.92 | Taneja | 7 | Secured | $410,472.79 (Unsecured) |
| Washington Mutual | $450,070.41 | Taneja | Scheduled | Unsecured | $225,035.21 (Unsecured) |

12. **United Central Bank (successor in interest to Mutual Bank)** – $50,658.71 Allowed Unsecured Deficiency Claim.

Mutual Bank filed proof of claim 2-1 in the FMI case on July 17, 2008, in the amount of $2,741,717.32. United Central Bank, as successor in interest to Mutual Bank, held a first consensual lien on real property identified as Goose Creek Parcel at Belmont Ridge Road, Loudoun County, Virginia. UCB submitted a credit bid in the amount of $2,712,000 at the auction of the Goose Creek property. Pursuant to a Sale Order entered on May 29, 2012 (Docket

No. 2549), UCB was granted an unsecured deficiency claim in the amount of $50,658.71. The following chart summarizes the disposition of this claim.

| Claimant | Amount | Estate | POC # | Filed as Secured/Uns. | Disposition of Claim |
|---|---|---|---|---|---|
| United Central Bank | $2,741,717.32 | FMI | 2 | Secured | $50,658.71 (unsecured deficiency claim) |

## V.    Litigation

The Plan Trustee and/or the Official Committee of Unsecured Creditors prosecuted various causes of action brought against third parties.  These causes of action resulted in recoveries of $7,751,673.80, exclusive of claim waivers.  The specific disposition of each case is set forth below:

| Case | Adv. Proc. No. | Disposition |
|---|---|---|
| Official Committee of Unsecured Creditors v. U.S. Bank NA | 10-01190 | Settled - $2,000,000 and waiver of claims |
| Gold v. Kalra | 10-01191 | Case dismissed |
| Gold v. Khan | 10-01192 | Case dismissed |
| Gold v. Kapani | 10-01193 | Case dismissed |
| Gold v. Khanjee Holdings, Inc. et al. | 10-01194 | Case dismissed |
| Gold v. Arora | 10-01195 | Case dismissed |
| Gold v. Nina | 10-01196 | Case dismissed |
| Gold v. Capital One NA, et al. | 10-01197 | Settled – reduction of claims to $100,000 |
| Gold v. Georgia Banking Company | 10-01198 | Settled - $30,000 and waiver of claims |

| **Case** | **Adv. Proc. No.** | **Disposition** |
|---|---|---|
| Gold v. Discover Financial Services LLC, et al. | 10-01199 | Settled - $9,500 and waiver of claims |
| Gold v. Franklin American Mortgage Company | 10-01200 | Case dismissed |
| Gold v. CitiMortgage, Inc. | 10-01201 | Settled - $38,000 and waiver of claims |
| Gold v. United Realty, Inc. | 10-01202 | Settled - $6,000 and waiver of claims |
| Gold v. Mittal | 10-01203 | Settled - $26,500 |
| Gold v. Regions Bank | 10-01204 | Settled - $137,500 and waiver of claims |
| Gold V. Southern National Bancorp. f/k/a 1st Service Bank | 10-01205 | Settled - $45,000 |
| Gold v. Kim | 10-01206 | Case dismissed |
| Gold v. Wilshire Credit Corporation | 10-01207 | Settled - $34,000 and waiver of claims |
| Gold v. Ma | 10-01208 | Case dismissed |
| Gold v. Modern Realty Company | 10-01209 | Case dismissed |
| Gold v. Verma et al. | 10-01210 | Settled - $20,000, $25,000 note, and waiver of claims |
| Gold v. Virginia Commerce Bank, NA | 10-01211 | Case dismissed |
| Gold v. Bank of America, NA | 10-01212 | Settled - $38,000 and waiver of claims |
| Gold v. Banyai | 10-01213 | Case dismissed |
| Gold v. Sood et al. | 10-01214 | Settled - $20,000, $25,000 note, and waiver of claims |
| Gold v. Ahmedova | 10-01215 | Case dismissed |
| Gold v. Fairbanks Capital Corporation | 10-01216 | Settled - $10,000 and waiver of claims |
| Gold v. American Express Bank, et al. | 10-01217 | Settled - $750,000 and waiver of claims |
| Gold v. Bajpai | 10-01218 | Default Judgment entered in amount of $391,753.00 |

| Case | Adv. Proc. No. | Disposition |
|---|---|---|
| Official Committee of Unsecured Creditors v. JP Morgan Chase Bank NA, et al. | 10-01219 | Settled against JP Morgan Chase Bank NA for $12,000<br>Settled against Chase Bank USA, NA for $51,211.46 |
| Gold v. Midland Mortgage Company | 10-01220 | Settled - $7,500 and waiver of claims |
| Gold v. Shah et al. | 10-01221 | Settled - $165,000 and waiver of claims |
| Gold v. EMC Mortgage Company | 10-01222 | Settled - $525,000 and reduction of claims |
| Gold v. Terwin Advisors, LLC et al. | 10-01223 | Default judgment entered in amount of $3,151,660 (Terwin Advisors); $314,313.23 (Terwin Warehouse Management) and $457,604,673.06 (Terwin Mortgage Warehouse I & II) |
| Gold v. Taneja | 10-01224 | Case dismissed |
| Gold v. First Tennessee Bank NA | 10-01225 | Case dismissed |
| Gold v. Caso | 10-01226 | Settled - $14,000 and waiver of claims |
| Gold v. Singh | 10-01227 | Default judgment entered in amount of $1,416,679.44 |
| Gold v. CitiBank NA et al. | 10-01228 | Settled - $9,500 |
| Gold v. Reshammiya et al. | 10-01229 | Case dismissed |
| Gold v. Carmel Lodging, LLC | 10-01231 | Settled for $160,000 |
| Gold v. Old Republic National Title Insurance Company et al. | 10-01234 | Case dismissed |
| Gold v. Chicago Title Insurance Company | 10-01235 | Case dismissed |
| Gold v. Commonwealth Land Title Insurance Co. | 10-01236 | Case dismissed |
| Gold v. Fidelity National Title Ins. Co. | 10-01237 | Case dismissed |
| Gold v. First American Title Ins. Co. | 10-01238 | Case dismissed |
| Gold v. Taneja | 10-01266 | Case dismissed |

| **Case** | **Adv. Proc. No.** | **Disposition** |
|---|---|---|
| Gold v. Wells Fargo Funding, Inc. et al. | 10-01365 | Settled - $250,000 |
| Gold v. Ally Bank (GMAC Bank) et al. | 10-01366 | Settled - $1,250,000 |
| Gold v. First Collateral Services, Inc. | 10-01367 | Settled - $899,000 and waiver of claims |
| Gold v. Specialized Loan Servicing, LLC | 10-01461 | Case dismissed |
| Gold v. Texas Capital Bank | 10-01505 | Settled - $162,762.34 and waiver of claims |
| Gold v. Gateway Bank, FSB | 10-01510 | Case dismissed |
| Gold v. Loan Care Servicing | 10-01517 | Settled - $6,000 and waiver of claims |
| Gold v. Gohari et al. | 10-01518 | Settled - $362,700 |
| Gold v. Wachovia Bank | 10-01519 | Settled - $2,000 |
| Gold v. Xu | 10-01520 | Settled - $5,000; $400,000 confession of judgment, and waiver of claims |
| Gold v. Southwest Securities Bank et al. | 10-01521 | Settled - $200,000 and waiver of claims |
| Gold v. Bechara et al. | 10-01522 | Case dismissed |
| Gold v. Sovereign Bank, f/k/a Independence Bank | 10-01527 | Settled - $195,000 and waiver of claims |
| Gold v. Rashid | 11-01024 | Settled – Promissory Note in the amount of $25,000 and waiver of claims |
| Gold v. Rassoulpour | N/A | Settled – Promissory Note in the amount of $1,000,000, monthly payments of $5,000. |

**VI.      Loan Portfolio.**

The Trustee and the Plan Trustee administered the loan portfolio owned by the Debtors. As of the date of this report, the Trustee and the Plan Trustee have received approximately $1,183,916.46 with respect to these loans.

**VII.     Additional Assets to be Administered.**

As of the date of this report, the Plan Trustee continues to administer assets of the trust. These assets are the following:

1.  Confessed Judgment Promissory Note pursuant to Settlement Agreement against Ali Rassoulpour, Nayereh Rassoulpour (collectively, the "Rassoulpours"), Osprey Engineering and Management, LLC and Osprey Management Group, LLC (collectively, the "Osprey Entities") in the amount of $1,000,000.00. Pursuant to a Second Settlement Agreement, the Rassoulpours agreed to pay an additional $174,000. Thereafter, the Rassoulpours defaulted on this obligation under the Second Settlement Agreement, and the Plan Trustee began enforcement actions. On March 10, 2015, the Plan Trustee, the Rassoulpours, and the Osprey Entities entered into a Forbearance Agreement regarding the remaining balance due under the Promissory Note and the Second Settlement Agreement, which requires certain payments to the Trust.

2.  Judgment obtained in the Fairfax County Circuit Court with an approximate principal balance of $25,942.

3.  Confession of Judgment obtained in the Fairfax County Circuit Court in the amount of $400,000.

4.    Judgments obtained in the United States Bankruptcy Court for the Eastern District of Virginia in the following amounts: (i) $3,151,660; (ii) $314,313; and (iii) $457,604,673.

5.    Judgment obtained in the Fairfax County Circuit Court on two Notes.  The deficiency balance on Note 1 is approximately $78,595.51, and the balance on Note 2 is $98,837.00.

6.    Promissory Note with confessed judgment provision with an approximate balance of $9,000.00.


The Plan Trustee anticipates that additional significant distribution(s) will be made to beneficiaries of the Trust.

Respectfully submitted,

H. JASON GOLD, LIQUIDATING TRUSTEE

By Counsel


NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 712-2800


By:     /s/ Dylan G. Trache
        H. Jason Gold, Va. Bar No. 19117
        Dylan G. Trache, Va. Bar No. 45939

Counsel to the Liquidating Trustee

45

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of April 2015, a copy of the foregoing Second Amended Final Report was sent by electronic mail to the parties on the Limited Service List.[17]

 /s/ Dylan G. Trache
Dylan G. Trache

---

[17] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not to be served on each of the parties, but is attached to the original Certificate of Service filed with the Court.